OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed, on the law, and accusatory instrument dismissed.
Defendant was originally charged in a simplified traffic information issued by Patrolman Zern with operating a motor vehicle without financial security in violation of section 319 of the Vehicle and Traffic Law. After service of a supporting deposition by Patrolman Stevens, upon defendant’s demand for same, defendant moved to dismiss the accusatory instrument. The People cross-moved to amend the accusatory instrument by filing a superseding information and a new supporting deposition by one Mrs. Blue. The court granted the People’s cross motion to amend the information originally filed. Defendant then entered a plea of not guilty to the information. Thereafter, defendant’s *60 motion to dismiss the accusatory instrument pursuant to CPL 30.30 was denied. The court tried the matter on an agreed statement of fact and found defendant guilty as charged.
CPL 100.10 (subd 2) and 100.25 in substance indicate that where a defendant receives a simplified traffic information and makes a timely request for a supporting deposition, he is entitled to the supporting deposition prior to trial and the failure to provide same mandates a dismissal (see People v De Feo, 77 Misc 2d 523). Moreover, in order to be considered adequate, a supporting deposition in a case initiated by a simplified traffic information must set forth facts in a plain and concise manner which provide a reasonable cause to believe that the defendant committed every necessary element of the offense charged (CPL 100.25, subd 2). In the instant matter since the supporting deposition of Officer Stevens wa.s inconsistent with the simplified traffic information as they alleged that the offense charged occurred on different dates and at different times, the requirements set forth in the CPL were not satisfied (see CPL 100.40, subd 2; 100.25, subd 2; 100.20). Of course, the court on a motion to dismiss a simplified information on the ground that it is not sufficient on its face pursuant to CPL 100.40, must amend same rather than dismiss said simplified information, if the defect or irregularity is of the kind that may be cured by amendment and the People move to so amend (see CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [a]). Here, although the People alleged in their papers in opposition to the motion that the defect can be cured by amendment, they sought pursuant to CPL 100.50 (subd 1) to supersede the simplified traffic information with a “long form information” and supporting deposition. As stated prior hereto, the court permitted the People to amend the “information originally filed”. Based upon that decision, it appears that the court intended, and both the People and the defendant believed, that the simplified traffic information was replaced with the long form information. As a result, the defendant entered a plea of not guilty to the “long form information”.
CPL 100.50 states that a superseding information may only be substituted for an information, prosecutor’s infor *61 motion or misdemeanor complaint. A comparison of the sections setting forth the definition and requirements of a simplified traffic information (see CPL 1.20, subd 5, par [b]; 100.10, subd 2, par [a]; 100.25) with those of an information (CPL 1.20, subd 4; 100.10, subd 1; 100.15) reveal that the two accusatory instruments are separate and unrelated entities and that a simplified traffic information is not an information of a lower category. Indeed, it appears that the use of the term “information” in describing a simplified traffic information may be misleading. An information in order to be valid requires that every element of the offense charged and defendant’s commission thereof be supported by nonhearsay allegations (CPL 100.15, subd 3; 100.40, subd 1) and must be verified in accordance with CPL 100.30. A simplified traffic information is issued at the scene of the traffic infraction (CPL 100.10, subd 2) and is sufficient on its face unless a demand is made for a supporting deposition (CPL 100.25). Additionally, there is no requirement that the supporting deposition establish every element of the crime by nonhearsay allegations, rather the simplified traffic information and supporting deposition is sufficient if based upon either personal knowledge or information and belief (CPL 100.25, subd 2).
Based upon the foregoing, it appears that a simplified traffic information can only be amended so as to cure amendable defects and cannot, as in the case at bar, be superseded by an information.
Concur: Pittoni, O’Gorman and Geiler, JJ.