OPINION OF THE COURT
Roy Tepper, J.
Defendant was charged on May 6, 1987 by three simplified traffic informations with aggravated unlicensed operation of a motor vehicle in the second degree in violation of section 511 (2) (a) of the Vehicle and Traffic Law, unregistered motor vehicle in violation of section 401 (1) (a) of the Vehicle and Traffic Law, and improper plates in violation of section 402 (4) of the Vehicle and Traffic Law. He was arraigned on October 21, 1987, at which time he appeared with his attorney and entered pleas of not guilty to all charges. Defendant’s attorney *287 demanded that supporting depositions be served upon him and filed in accordance with CPL 100.25. Defendant subsequently moved on December 11, 1987, to dismiss the informations because the People had failed to supply supporting depositions in response to his demand in accordance with the provisions of CPL 100.25 (2). The People do not controvert the allegation that no supporting depositions were served but move to now file a supporting deposition, or in the alternative, to file a superseding information in accordance with the provisions of CPL 170.30, 170.35 (1) (a); and 100.50. The motion is decided as follows:
The motion to dismiss was received by the court on November 30, 1987 and was returnable on December 11, 1987, clearly more than 30 days from the date of the demand for the serving and filing of the supporting depositions. CPL 100.25 gives a defendant charged under a simplified traffic information an absolute right to have a supporting deposition filed with the court and served upon him or his attorney when demanded before trial and within 30 days after a plea of not guilty to the charge is entered. Such a supporting deposition must be filed and served within 30 days after the demand is received by the court, or at least 5 days before trial, whichever is earlier. Failure to comply with the supporting deposition demand provisions of CPL 100.25 renders the simplified traffic information "insufficient on its face.”
There can be no question but that the simplified traffic informations in the case at bar are insufficient on their faces. The demands for supporting depositions were timely made and no supporting depositions were served or filed within 30 days thereafter.
The only question to be determined is whether the People’s motion to file a superseding information pursuant to CPL 100.50 obviates their failure to supply the supporting deposition in accordance with CPL 100.25.
CPL 100.50 states that a superseding information may be substituted for an information, prosecutor’s information or misdemeanor complaint. The comparison of the section setting forth the definition and requirements of a simplified traffic information (see, CPL 1.20 [5b]; 100.10 [2a]; 100.25) with those of an information (CPL 1.20 [4]; 100.10 [1]; 100.15) reveal that the two accusatory instruments are separate and unrelated entities and that a simplified traffic information is not an information of a lower category. Indeed it appears that the *288 use of the term "information” in describing a simplified traffic information may be misleading. An information in order to be valid requires that every element of the offense charged and defendant’s commission thereof be supported by nonhearsay allegations (CPL 100.15 [3]; 100.40 [4]) and must be verified in accordance with CPL 100.30. A simplified traffic information is issued at the scene of the traffic infraction (CPL 100.10 [2]) and is sufficient on its face unless a demand is made for a supporting deposition (CPL 100.25). Additionally, there is no requirement that the supporting deposition establish every element of the crime by nonhearsay allegations, rather the simplified traffic information and supporting deposition is sufficient if based upon either personal knowledge or information and belief (CPL 100.25 [2]; People v Baron, 107 Misc 2d 59).
It is clear that the People have failed to serve and file the supporting deposition in accordance with CPL 100.25 and that where a defendant receives a simplified traffic information and makes a timely request for a supporting deposition, he is entitled to the supporting deposition in accordance with the provisions of the statute and the failure to provide the same mandates dismissal. (People v De Feo, 77 Misc 2d 523.) The People’s motion to now file a supporting deposition is denied. The People’s motion to file a superseding information in accordance with the provisions of CPL 100.50 must be denied as well.
The defendant’s motion to dismiss the simplified traffic informations is granted.