OPINION OF THE COURT
Joseph F. Bruno, J.
The defendant, who was served with a summons on November 9, 1994, moves to dismiss on the grounds of facial insufficiency. The summons charged the defendant with a violation of Alcoholic Beverage Control Law § 65 (1), which prohibits the sale of alcohol to a minor.
A handwritten statement on the back of the summons states: "At T/P/O defendant] did sell alcohol to a person under the age of 21 years known to this department].” The back of the summons is signed by Police Officer Hickey above a pretyped statement which states: "I personally observed the commission of the offense charged herein. False statements made herein are punishable as a class A misdemeanor pursuant to section of the Penal Law, affirmed under penalty of perjury.”
The summons is on a form known as a simplified information, the requirements of which are governed by CPL 100.10 (2) (a).
The People have superseded the simplified information with a misdemeanor information. The misdemeanor information, which is signed by Police Officer Hickey of the 94th Precinct, states that on or about November 9, 1994 at approximately 5:00 p.m. inside of 78 Havemayer Street, County of Kings:
"[T]he deponent observed the defendant sell a quantity of beer to police cadet Veronica Hernandez.
"Deponent further states that the deponent is informed by Police Cadet Veronica Hernandez that the informant did buy *491 a quantity of beer from the defendant and the informant was under the age of 21 on November 9, 1991.”
A corroborating affidavit has been filed by Veronica Hernandez.
The defendant’s motion was made before the People served and filed the superseding accusatory instrument and the corroborating affidavit of Police Officer Hickey.
defendant’s contentions
The defendant moves to dismiss on the grounds of facial insufficiency. He argues that the supporting deposition of the police officer was not timely served upon him pursuant to CPL 100.25 (2). Defendant maintains that he requested a supporting deposition of the police officer when he appeared for arraignment on December 13, 1994 and that said deposition was not served upon him until January 18, 1995, 35 days after his request.
The defendant’s second argument to dismiss pursuant to CPL 100.40, 100.15, 100.25 and 170.35 "is premised upon the ground that the charges in the 'summons’ (accusatory instrument), for various reasons are factually insufficient.” Defendant argues that "by not identifying the alleged minor who allegedly bought the alcoholic beverage, essential facts are lacking to support the charge as it is being made.” (Defendant’s affirmation in support of his motion to dismiss, at 5, 6.)
Defendant also argues that the accusatory instrument is insufficiently verified as the supporting deposition is not signed under oath and the summons is also defective because it incorrectly states the time of occurrence as "11/9/93” as opposed to the correct date "11/9/94”.
the people’s response
The People have filed what they contend is a misdemeanor information and a statement of readiness for trial in response to defendant’s motion to dismiss the simplified information.
The People contend that defendant’s motion to dismiss for the People’s failure to supply the supporting deposition within 30 days should be denied because this case does not involve a simplified information and therefore CPL 100.25 does not govern.
The People argue that the original accusatory instrument, the simplified information, should be deemed a sufficient *492 complaint and the new accusatory instrument in conjunction with the corroborating affidavit converts the "complaint” into a misdemeanor information.
The People maintain that the original accusatory instrument, which was served and filed in the form of a simplified information, fulfills the requirements of a complaint pursuant to CPL 1.20 (7) and 100.15 (2) and (3) as it sets forth reasonable cause to believe that the defendant committed the offense charged and sufficient facts are alleged which, if proven, would establish every element of the crime charged. The People cite People v Minuto (71 Misc 2d 800 [Batavia City Ct 1972]) and People v Flushing Hosp. & Med. Ctr. (122 Misc 2d 260 [Crim Ct, Queens County 1983]) for the proposition that a misdemeanor complaint may rest on hearsay provided it sets forth reasonable grounds to believe that a crime has been committed.
In short, the People argue that even though "our complaint does not take the shape of those we are used to seeing * * * it is content that governs over form * * * we have adhered to both the form and content of a misdemeanor complaint.” (People’s affirmation in response to defendant’s omnibus motion, at 6.)
The People, citing People v Pacifico (105 Misc 2d 396 [Crim Ct, Queens County 1980]), argue that even though the complainant accidentally wrote the wrong date of occurrence, an instrument may not be dismissed as defective, but must be amended where the defect or irregularity is of a kind that may be cured by amendment and the People move to so amend.
CONCLUSIONS OF LAW
A simplified information cannot be superseded by an information inasmuch as a superseding information may only be substituted for an information, prosecutor’s information or misdemeanor complaint. (People v Baron, 107 Misc 2d 59 [App Term, 2d Dept]; CPL 100.50 [3]; 170.65.)
CPL 100.25 (1) states in its entirety: "A simplified information must be substantially in the form prescribed by the commissioner of motor vehicles, the commissioner of parks and recreation, or the commissioner of environmental conservation, as the case may be.”
CPL 100.10, the definition section for local criminal court accusatory instruments, also specifies that there are only *493 three types of simplified informations: a simplified traffic information; a simplified parks information and a simplified environmental conservation information charging offenses relating only to vehicle and traffic, parks or environmental law respectively.
The defendant herein has been charged with contravening Alcoholic Beverage Control Law § 65 (1), a misdemeanor. CPL 100.25 does not apply to defendants who have contravened section 65 (1) of the Alcoholic Beverage Control Law. (CPL 100.10 [2] [a], [b], [c]; 100.25 [1].)
Since CPL 100.25 is not applicable to a defendant who is charged with violating Alcoholic Beverage Control Law § 65 (1), the issue herein is whether the simplified information, which was originally filed in this case, is sufficient as a complaint so that conversion to a misdemeanor information may occur.
This court holds that the People may use the simplified information format to commence the prosecution of a defendant accused of violating Alcoholic Beverage Control Law § 65 (1) provided the content of that accusatory instrument conforms in substance to the requirements of a misdemeanor complaint.
This court finds that the original accusatory instrument, which was served and filed as a simplified information, is sufficient as a misdemeanor complaint.
It is content that governs the sufficiency of a complaint, not form. CPL 1.20 (7) defines a misdemeanor complaint as: "a verified written accusation by a person * * * filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses * * * none of which is a felony, and which serves * * * as a basis for prosecution” thereof.
CPL 100.15 (1) specifies the common requirements of a misdemeanor complaint, a felony complaint and an information. It states in its entirety: "An information, a misdemeanor complaint and a felony complaint must each specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the 'complainant.’ The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a factual part. The complainant’s verification of the instrument is *494 deemed to apply only to the factual part thereof and not to the accusatory part.”
An analysis of the accusatory instrument filed in this action must focus on whether the requisite elements of a misdemeanor complaint were contained therein.
The name of the court, its county and exact location and the title of the action are in the complaint and it was subscribed and properly verified by the complainant, Police Officer Hickey. The complainant’s signature, command, tax registry number and agency (NYPD) are registered. The back of the complaint is also subscribed and properly verified above the factual allegations describing the incident.
The requirement that the complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense is met. (See, infra, at 495.)
The requirement that the instrument must contain an accusatory part and a factual part is met. The accusatory part exists in the middle of the front of the complaint where it states that the person described above (the defendant, Towfieq A. M. Kaid) is charged with a violation of section 65 (1) of the Alcoholic Beverage Control Law. It also states the time and date of the offense; the county said offense occurred in and the place of occurrence. The factual part is on the back of the complaint and it states that at the time and place of occurrence, the defendant did sell alcohol to a person under the age of 21 years of age known to the police department. Moreover, the requirement that the complainant’s verification of the instrument is deemed to apply only to the factual part has been complied with as the factual portion of the complaint is subscribed and verified in the same manner and using the same language as the front of the complaint.
CPL 100.15 (2) states in pertinent part: "The accusatory part of each such instrument must designate the offense or offenses charged.”
This requirement has been met as the complaint states that the defendant is allegedly in violation of section 65 (1), sale of alcohol to a minor.
Defendant’s motion to dismiss the first accusatory instrument, the simplified information, on the ground that the "supporting deposition” therein did not sufficiently identify the alleged person to whom the alcoholic beverage was sold is denied. The "supporting deposition” on the back of the com *495 plaint satisfies the requirements that a complaint must contain a factual part pursuant to CPL 100.15.
The factual portion of a misdemeanor complaint, to be sufficient on its face " 'must contain * * * facts of an evidentiary character supporting or tending to support the charges’ (CPL 100.15 [3]), and must provide 'reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.’ (CPL 100.40 [4] [b].)” (People v Campbell, 141 Misc 2d 470, 472 [Crim Ct, NY County 1988]; see also, People v Dumas, 68 NY2d 729 [1986] [conclusory allegations are insufficient and render the complaint defective].)
Here, the accusatory instrument meets the minimum sufficiency requirements for a misdemeanor complaint as the supporting deposition provides facts of an evidentiary character — that the defendant sold alcohol to a minor who is known to the police department — supporting or tending to support the charges. (CPL 100.15 [3].) Moreover, these allegations provide reasonable cause to believe that the defendant contravened Alcoholic Beverage Control Law § 65 (1) pursuant to CPL 100.40 (4) (b). Police Officer Hickey asserts on the back and front of the ''simplified information” that he personally observed the commission of the offense herein. (See, People v Ebramha, 157 Misc 2d 217 [Crim Ct, NY County 1992].)
Although the age of the complainant is in hearsay form in the simplified information, "the factual allegations [of a complaint] may be based either upon personal knowledge of the complainant or upon information and belief.” (CPL 100.15 [3]; see, People v Pinto, 88 Misc 2d 303, 304 [Mt. Vernon City Ct 1976] [the right of a defendant to be prosecuted by an information is a substantial one and takes into account the basic difference it has with a misdemeanor complaint as an accusatory instrument in that a misdemeanor complaint may rest on hearsay allegations whereas an information may not]; People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260, 269, supra [a misdemeanor complaint may rest on hearsay provided it sets forth reasonable grounds to believe that a crime has been committed]; People v Minuto, 71 Misc 2d 800, supra; People v Gore, 143 Misc 2d 106, 108 [Crim Ct, Kings County 1989], citing People v Alejandro, 70 NY2d 133, 139, and People v Miles, 64 NY2d 731 [the prima facie case requirement of an information is distinct from the allegations of an evidentiary character required by CPL 100.15].)
*496 Defendant’s motion to dismiss the accusatory instrument on the additional ground that the date of occurrence was incorrectly stated is denied as the incorrect date may be cured by amendment of the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) as "the defect or irregularity is of the kind that may be cured by amendment and the People move to so amend.” (People v Baron, 107 Misc 2d 59, 60, supra.)
Having determined that the first accusatory instrument in this case, the simplified information, was sufficient as a misdemeanor complaint and as a proper accusatory instrument upon which the People could proceed, this court finds that the People’s filing of a misdemeanor information is also proper.
This case may now proceed under the misdemeanor information.