OPINION OF THE COURT
Marjorie L. Byrnes, J.
On October 22, 1995, the above-named defendant was charged by simplified informations with aggravated unlicensed operation in the third degree, unlicensed operator, passing a red light, speed not reasonable and prudent and failure to reduce speed, in violation of Vehicle and Traffic Law § 511 (1) (a); § 509 (1); § 1111 (d) (1) and § 1180 (a) and (e). The defendant was arraigned on October 23, 1995. Accompanying the simplified informations and filed with the court was a supporting deposition signed by Rochester Police Officer S.D. Hamill and a teletype printout of the defendant’s driving record and license status from the New York State Department of Motor Vehicles (hereinafter DMV). On November 9, 1995, the defendant requested an additional supporting deposition for all traffic *640 infractions, which was ordered by the court clerk on November 13, 1995. The case was adjourned until December 12, 1995, and on that date the court handed to the defendant a copy of the supporting deposition requested. The case was then adjourned for motions. On January 16, 1996, the People filed long-form informations regarding the traffic infractions in an effort to supersede the simplified informations.
The defendant moves for dismissal of all of the accusatory instruments on the ground of facial insufficiency.
Specifically, the defendant moves for dismissal of the aggravated unlicensed operation in the third degree charge on the grounds that the simplified information and supporting deposition accompanying it are insufficient to support the charge. The defendant contends that the facial sufficiency of the accusatory instrument must be determined by the standards announced in People v Alejandro (70 NY2d 133). The defendant asserts that the standard of review found in CPL 100.40 (2) is inapposite on the ground that CPL 100.40 (2) is unconstitutional as applied to Vehicle and Traffic Law misdemeanors. Relying on Alejandro, the defendant argues that there are no nonhearsay factual allegations contained in the supporting deposition which establish that the defendant knew or had reason to know that his license was suspended, nor are there any nonhearsay allegations that his license was, in fact, suspended.
The defendant also moves for dismissal of the remaining Vehicle and Traffic Law infractions asserting that there are insufficient factual allegations to support those charges (CPL 100.40 [2]). The defendant contends that the second deposition cannot be considered by the court in determining facial sufficiency since it was not timely served (CPL 100.25 [2]). The defendant further contends that the superseding long-form information is not properly before the court and cannot be considered either.
The People urge that the accusatory instruments are sufficient and oppose the defendant’s motion.
AGGRAVATED UNLICENSED OPERATION CHARGE
STANDARD OF REVIEW
The CPL specifies that a criminal action charging a Vehicle and Traffic Law misdemeanor can be commenced in a local criminal court by filing a simplified information (CPL 100.05 [2]; 100.10 [2]). This procedure is an alternative to charging a defendant by information (CPL 100.10 [2] [a]). Where a simplified information charging a Vehicle and Traffic Law misdemeanor is filed, the standard of review for facial sufficiency is set forth in CPL 100.40 (2).
*641 According to CPL 100.40 (2), "A simplified information is sufficient on its face when, as provided by subdivision one of section 100.25, it substantially conforms to the requirement therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer * * * to comply with such order within the time prescribed * * * renders the simplified information insufficient on its face.”
According to CPL 100.25, a supporting deposition must contain "allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged” (CPL 100.25 [2] [emphasis added]).
In this case, the defendant was charged by simplified information with the Vehicle and Traffic Law misdemeanor of aggravated unlicensed operation in the third degree as permitted by CPL 100.10 (2). Therefore, the standard of review for facial sufficiency is whether the simplified information and supplementing supporting deposition provide "reasonable cause” to believe the defendant committed the offense (People v Gindi, 166 Misc 2d 672; People v Alicea, NYLJ, May 17, 1994, at 23, col 1; People v Dabo, NYLJ, Dec. 20, 1993, at 30, col 1; People v Vierno, 159 Misc 2d 770 [at the time of this decision, aggravated unlicensed operation in the third degree was an infraction, but the court noted that the principles and law would still apply when the charge was redesignated]; People v Howell, 158 Misc 2d 653; CPL 100.25 [2]; 100.40 [2]).
The defendant argues that CPL 100.40 (2) is unconstitutional when applied to defendants charged with traffic misdemeanors by simplified informations supplemented by supporting depositions. The defendant contends that an individual so charged should be entitled to the same procedural protection as a defendant charged with a crime under the Penal Law. The defendant contends that the lesser pleading standard for Vehicle and Traffic Law misdemeanors commenced by simplified informations is arbitrary and cites People v Smith (163 Misc 2d 353) in support of his position.
In Smith (supra), the defendant was charged with driving while intoxicated by a simplified information. Perinton Town Justice Gary W. Rood, noting that a defendant charged with a traffic-related misdemeanor by a simplified information supplemented by a supporting deposition is afforded less procedural protection than a defendant charged with the same *642 traffic misdemeanor by information, held that: "where a defendant is charged by a simplified information with one or more misdemeanor offenses and the defendant timely requests a supporting deposition, or one is voluntarily provided by the People before the defendant’s time to request one has expired, the factual allegations of the supporting deposition or depositions must provide reasonable cause to believe the defendant committed the offense or offenses charged and must contain non-hearsay allegations of fact which establish, if true, a prima facie case against the defendant.” (Supra, at 363.) Justice Rood cited the Equal Protection Clauses of the United States and New York State Constitutions in support of this result (supra).[1]
This court disagrees with the decision in Smith (supra).
It is clear that the CPL allows for a Vehicle and Traffic Law misdemeanor to be prosecuted by either an information or a simplified information (CPL 100.05). It is also clear that the standard of review is different depending upon how the misdemeanor is prosecuted (CPL 100.40 [1], [2]).
Notwithstanding the alternative and differing pleading standards, the statute challenged here must be presumed to be constitutional (e.g., People v Scalza, 76 NY2d 604, 607; People v Drayton, 39 NY2d 580, 585). The defendant has the burden of demonstrating, beyond a reasonable doubt, the unconstitutionality of the challenged statute (e.g., People v Scalza, supra, at 607; Matter of Van Berkel v Power, 16 NY2d 37, 40). Where neither a fundamental right nor a suspect classification is involved, the constitutionality of a statute will be upheld as long as there is a rational basis for the statute (e.g., Matter of Allen v Howe, 84 NY2d 665, 672; People v Drayton, supra, at 585-586).
There is a rational basis for the statute establishing the "reasonable cause” standard of review when evaluating the facial sufficiency of simplified informations charging Vehicle and Traffic Law misdemeanors. As noted by the Court of Appeals, "[t]he simplified information is a statutory creation designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used” (People v Nuccio, 78 NY2d 102, 104). The courts have also sanctioned the use of this procedure with traffic misdemeanors (see, People v Nuccio, supra; People v Hohm *643 eyer, 70 NY2d 41; People v Key, 45 NY2d 111) and the same rationale applies. In 1995, 3,217 individuals were charged with traffic misdemeanors in Rochester City Court alone.[2] The high volume of traffic misdemeanors supplies a rational basis justifying application of the standard of review authorized by the Legislature.[3]
Therefore, the statute here challenged is not violative of the Equal Protection Clauses of the United States or New York State Constitution.
If a police officer elects to file an information, that pleading is subjected to a higher standard of review (CPL 100.40 [1]). However, an officer is not required to so elect. The officer may choose to file a simplified information and supporting deposition, in which case the pleading must only satisfy the requirements of CPL 100.40 (2).
While at first blush this dual standard may seem unfair, it is not the province of the court to decide whether the legislation is wise but only to decide if it is constitutional (People v Curtis, 166 Misc 2d 753; People v Mason, 99 Misc 2d 583, 587). If a rational basis exists, the statute "does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality’ ” (Dandridge v Williams, 397 US 471, 502; see also, Alevy v Downstate Med. Ctr., 39 NY2d 326; People v Mason, supra, at 587; compare, People v Drayton, 39 NY2d 580, supra [law vests superior court with discretion to find eligible youth a youthful offender, but if conviction were had in local court youthful offender status would be mandatory]; People v Elliby, 80 AD2d 875 [defendant charged by indictment with a class B or C violent felony offense required to plead guilty to a violent felony even though no such restriction is placed on one charged with the same offense by felony complaint]). Under the equal protec *644 tian analysis: "Judicial review ends when, as here, it is determined that there is a rational basis for the legislative distinction” (People v Kepple, 98 AD2d 783, 784; see also, People v Drayton, 39 NY2d 580, supra).
The statute here challenged also is not violative of the defendant’s right to due process of law. It is a fundamental requirement of due process that a criminal statute must be stated in terms which are reasonably definite so that a person of ordinary intelligence will know what the law prohibits (Connally v General Constr. Co., 269 US 385; United States v Petrillo, 332 US 1, 6; People v Smith, 44 NY2d 613) and must be sufficiently definite, clear and positive to give unequivocal warning of the rule which is to be obeyed (People v Byron, 17 NY2d 64). These requirements prevent arbitrary and discriminatory enforcement by demanding "boundaries sufficiently distinct” for police, Judges and juries to fairly administer the law (United States v Harriss, 347 US 612, 617; People v Cruz, 48 NY2d 419, 423, 424, appeal dismissed 446 US 901; United States v Petrillo, supra, at 7).
Applying the above standards, the procedures set forth in CPL 100.40 (2) for determining the sufficiency of simplified in-formations do not operate to deprive defendants of their due process rights. The statute incorporates the "guarantee” of a supporting deposition upon demand (see, People v Zagorsky, 73 Misc 2d 420; People v De Feo, 77 Misc 2d 523), a procedure which provides the defendant with fair notice of the conduct upon which the People seek prosecution (Mathews v Eldridge, 424 US 319; Joint Anti-Facist Refugee Comm. v McGrath, 341 US 123; see also, Greene v Lindsey, 456 US 444). Although, as defendant notes, the requirements for facial sufficiency of a simplified information are less than those for facial sufficiency of an information, those requirements are sufficient to insure that the defendant is adequately informed of the specific conduct to be prosecuted (People v Keindl, 68 NY2d 410, 416; People v Morris, 61 NY2d 290, 293; People v Iannone, 45 NY2d 589, 594; People v Bogdanoff, 254 NY 16, 23). Therefore, the mere fact that CPL 100.40 incorporates different standards for the facial sufficiency of informations and simplified informations does not, without more, violate defendant’s right to due process.
CPL 100.40 (2) is therefore constitutional, and the appropriate standard of review for facial sufficiency of the simplified information charging aggravated unlicensed operation in the third degree is "reasonable cause”.
*645 FACIAL SUFFICIENCY
The aggravated unlicensed operation in the third degree charge is facially sufficient if the pleadings establish reasonable cause to believe that the defendant operated a motor vehicle on a public highway while knowing or having reason to know that his license or privilege of operating a motor vehicle in this State is suspended (Vehicle and Traffic Law § 511 [1] [a]).[4] Reasonable cause exists when: "evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided * * * such apparently reliable evidence may include or consist of hearsay” (CPL 70.10 [2]).
In this case, the supporting deposition filed by Officer Hamill states that the officer was dispatched to Upper Falls Boulevard and St. Paul Street for a report of a motor vehicle accident. Further the deposition states:
"That upon arrival, I spoke to the defendant who stated that he had been operating [a 1991 Toyota] vehicle in a westerly direction on Upper Falls Blvd. * * * That your defendant had no license, but a permit which has been suspended on 9/20/95 for failing to pay a fine * * *
"Upon information and belief, the source of which is a check of computer records to which my department has access and which I use in the regular and ordinary course of police business, the defendant’s NYS driver’s license #509-272-663 or privilege of operating a motor vehicle * * * was suspended on September 20, 1995, and that was the status of the defendant’s license on the above date * * * A copy of the defendant’s DMV DALL form generated in the regular course of police business is attached.
"By the above actions, the defendant operated a motor vehicle in the State of New York while knowing or having reason to know that his license or privilege of operating a motor vehicle * * * was suspended”.
*646 A copy of the Department of Motor Vehicles teletype printout is attached.[5]
These factual allegations provide reasonable cause to believe that the defendant committed the crime of aggravated unlicensed operation. The element of operation is established by the defendant’s admission. The element of "while knowing or having reason to know” that his license or privilege to operate a vehicle was suspended is established through the officer’s computer check of DMV records and attachment of the DMV teletype. The teletype indicates that the defendant’s license was suspended for failure to pay a fine and had previously been suspended for failure to pay a fine.[6] Knowledge sufficient to supply "reasonable cause” can be inferred from these facts, although ultimately the defendant’s knowledge is a question of fact for trial (People v Rodriguez, 165 Misc 2d 684; People v Gabriel, 164 Misc 2d 473). Lastly, the fact that the defendant’s license is, in fact, suspended is also sufficiently pleaded through the officer’s computer check of DMV records and attachment of the DMV teletype (People v Alicea, NYLJ, May 17, 1994, at 23, col 1, supra; People v Vierno, 159 Misc 2d 770, supra; People v Howell, 158 Misc 2d 653, supra [not necessary to even attach teletype printout]). Therefore, the factual allegations "are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that [the] offense was committed” (CPL 70.10 [2]).
TRAFFIC INFRACTIONS
The defendant also stands charged with numerous traffic infractions: unlicensed operator, passing a red light, speed not reasonable and prudent, failure to reduce speed (Vehicle and Traffic Law § 509 [1]; § 1111 [d] [1]; § 1180 [a], [e]). Before this court can rule on the sufficiency of these charges, it is important to note the procedural history of the charges.
The infractions were originally charged by simplified traffic informations. As noted previously, a supporting deposition accompanied the simplified informations. This supporting deposition dealt primarily with the charge of aggravated unlicensed operation in the third degree. On November 9, 1995, the defen *647 dont, pursuant to CPL 100.25, requested an additional supporting deposition regarding the traffic infractions. That deposition /was ordered by the court on November 13, 1995 and served on the defendant on December 12,1995. The deposition was served more than 30 days after the request. On January 16, 1996, the People, apparently fearing dismissal of the infractions, filed a superseding long-form information charging the same traffic infractions. The defendant was arraigned on the long-form information and a not guilty plea was entered.
A long-form information cannot be used to supersede simplified traffic informations (People v Raid, 165 Misc 2d 489; People v Baron, 107 Misc 2d 59; CPL 100.50).[7] Therefore, the "arraignment” on January 16, 1996 is a nullity. In determining the sufficiency of the traffic charges, the court is restricted to the simplified informations originally filed together with the original deposition (People v Raid, 165 Misc 2d 489, supra). The second deposition, as previously noted, was untimely (CPL 100.25 [2]), and therefore cannot be considered.
The original deposition, while sufficient to sustain the charge of aggravated unlicensed operation, is insufficient to sustain the traffic infractions. Any facts relating to traffic infractions are conclusory and based upon hearsay from unidentified sources. Therefore, defendant’s motion to dismiss the traffic infractions is granted; such dismissal is without prejudice (People v Nuccio, 78 NY2d 102, supra).
For all of the aforementioned reasons, the defendant’s motion to dismiss the charge of aggravated unlicensed operation in the third degree is denied, and defendant’s motion to dismiss the traffic infractions is granted.

. Although Justice Rood cited the Equal Protection Clauses of the United States Constitution and the Constitution of the State of New York, he did not analyze the statute for constitutional validity.

. Information obtained from the Criminal Justice Council of the Monroe County Legislature.

. In 1992, 1,356 individuals were charged with traffic misdemeanors in Rochester City Court. In the first 10 months of 1993, 1,029 individuals were so charged. On November 1, 1993, aggravated unlicensed operation in the third degree was redesignated as a misdemeanor. In the last two months of 1993, 527 individuals were charged with vehicle and traffic misdemeanors. In the first full year after aggravated unlicensed operation in the third degree was redesignated, 3,080 individuals were charged with vehicle and traffic misdemeanors. In 1995, 3,217 individuals were charged with traffic misdemeanors. This represents a threefold increase in vehicle and traffic misdemeanors. (Statistics provided by the Criminal Justice Council of the Monroe County Legislature.)

. In determining facial sufficiency, the court will not consider the second deposition supplied to the defendant on December 12, 1995. That deposition was supplied to the defendant more than 30 days after the request. As such, the deposition was not timely (CPL 100.25[2]).

. Contrary to the defendant’s assertions, the teletype was attached to the supporting deposition when it was filed with the court. The teletype printout includes pedigree information corresponding to this defendant. Therefore, information contained in the teletype relates to the defendant.

. See DMV teletype attached to the supporting deposition.

. Although the People cannot supersede a simplified information with a long-form information, if a simplified information is dismissed due to facial insufficiency, the People may refile the charges using a long-form information (People v Nuccio, 78 NY2d 102, supra; People v Rossi, 154 Misc 2d 616).