OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion pursuant to CPL 170.30 (1) (a) to dismiss *297 the accusatory instrument consisting of three simplified traffic informations is granted (see also CPL 170.35 [1] [a]).
Defendant stands accused, by simplified traffic informations joined under one docket, of, on October 29, 2001, violating Vehicle and Traffic Law § 512 (driving with a suspended registration), § 319 (driving an uninsured vehicle), and § 1172 (passing a stop sign). Violation of Vehicle and Traffic Law § 512 is a misdemeanor. The other offenses are traffic infractions.
Defendant was first directed to appear in this court on December 17, 2001. According to the court file, he failed to appear on that date and was “scoffed.” He did appear on December 18, 2001 to vacate the scoff, however, and the court arraigned him on the simplified traffic informations on that date. Also according to the court file, on December 18, 2001, defendant served a demand for supporting depositions (see CPL 100.25 [2]). The case was adjourned to January 28, 2002, evidently for a determination as to whether defendant was eligible for the appointment of counsel. On January 28, 2002, the court formally assigned the Legal Aid Society to represent the defendant. The court file also reflects “supp.dep.ordered 1/28/02.” The case was adjourned to March 6, 2002, by which time some 78 days had elapsed since defendant served the demand for supporting depositions. It had also been 37 days since the court “ordered” that supporting depositions be provided.
On March 6, 2002, defendant made (see CPLR 2211) the present motion to dismiss the simplified traffic informations on account of the failure to serve supporting depositions. On March 15, 2002, 87 days after defendant demanded supporting depositions and 46 days after the court ordered that they be provided, the People filed three “long form” informations (see CPL 100.10 [1]) that are evidently signed and verified by the police officer who originally issued the simplified traffic informations. These long form informations again charge the defendant with violating Vehicle and Traffic Law §§ 512, 319 and 1172. There is no indication that defendant, whose appearance was waived upon the making of the present motion, has been arraigned on the instruments. The People appear on the motion to oppose it. They do so, as they have done on various motions made before me, by a “law assistant” who does not set forth the authority by which he purports to practice law (but see CPLR 2106). Citing CPL 100.50, the People contend that the long form informations, filed simultaneously with their op *298 position, “supersede” the simplified traffic informations, and that, because of that supersedure, the motion to dismiss the simplified traffic informations is moot. They are in error.
A simplified information is a peculiar form of accusatory instrument that is statutorily authorized only in specified prosecutions (see CPL 100.10 [2]). Because it is limited to relatively minor offenses, the simplified information need not meet the “sufficiency” requirements attendant upon prosecutions based on more formal, and more thoroughly prepared, instruments (see CPL 100.10 [2]; 100.15, 100.40 [1], [2]; see also People v Nuccio, 78 NY2d 102 [1991]). But, where a defendant who is charged with traffic offenses by simplified traffic information elects to be put on notice of more factual detail than must be made available by simplified traffic information, he or she, upon timely request, is entitled “as of right” to a supporting deposition, i.e., a verified statement containing factual allegations augmenting the statements of the accusatory instrument and which support or tend to support the charge (cf. CPL 100.20, 100.25). Upon a timely request for supporting depositions, the court “must” order the complainant police officer to serve and file those supporting depositions within 30 days (CPL 100.25 [2]). Failure to timely serve and file supporting depositions renders the simplified traffic informations for which they were demanded defective (CPL 100.40 [2]; see People v Nuccio, supra; People v Titus, 178 Misc 2d 687 [App Term, 2d Dept 1998]). Indeed, that failure divests this court of jurisdiction to proceed on the simplified traffic information, a divestiture that cannot be “cured” by untimely service of the supporting deposition (People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990]; People v Rossi, 154 Misc 2d 616 [Just Ct, Vil of Muttontown 1992, Kaminsky, J.]). And although the Court of Appeals ruled in People v Nuccio (supra) that the People are at liberty to commence a new prosecution by long form information even where a simplified traffic information has been dismissed for failure to provide a supporting deposition, I conclude they cannot cure the defect in a simplified information prosecution by making use of supersedure pursuant to CPL 100.50.
CPL 100.50 (1) addresses the procedural effect — dismissal — on a charge premised on prosecution by an already filed information (see CPL 100.10 [1]; 100.15) or prosecutor’s information (CPL 100.10 [3]) when the same offense is charged in a superseding information or prosecutor’s information, and the defendant has been arraigned on the superseding document *299 (see e.g. People v Morel, 157 Misc 2d 94 [Crim Ct, Kings County 1993, Garnett, J.]). Subdivision (2) of CPL 100.50 focuses exclusively on a prosecutor’s information, and limits the instances where the People “may” file such a superseding document to those where the allegations of the factual part of the original information support every offense charged in the superseding document (see e.g. People v Consolidated Edison Co. of N.Y., 154 Misc 2d 610 [Crim Ct, NY County 1992, Madden, J.]; People v Cibro Oceana Term. Corp., 148 Misc 2d 149 [Crim Ct, Bronx County 1990, Tallmer, J.]). The only time constraint imposed by CPL 100.50 is that supersedure take place before entry of a plea of guilty or before commencement of trial on the original information or prosecutor’s information. While CPL 100.50 neither authorizes nor prohibits supersedure in a prosecution commenced upon a simplified traffic information, the fact that the statute makes no mention at all of a simplified information suggests that it has no application whatsoever to a prosecution premised on that sort of accusatory instrument (see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 240). Indeed, prosecution by simplified information in traffic cases is an alternative to prosecution by information (People v Quarles, 168 Misc 2d 638 [Rochester City Ct 1996, Byrnes, J.]) and is governed by somewhat different standards (see People v Baron, 107 Misc 2d 59 [App Term, 2d Dept 1980]; People v Quarles, supra; People v Origlia, 138 Misc 2d 286 [Long Beach City Ct 1988, Tepper, J.]). To permit the People to circumvent the less factually demanding but temporally stricter pleading requirements attendant upon a prosecution by simplified information by resort to a supersedure device applicable to prosecutions commenced upon accusatory instruments that at the outset must conform to stricter sufficiency requirements but that enjoy lesser time constraints is to defeat the underlying rationale for simplified information prosecutions (People v Nuccio, supra; People v Aucello, supra). I thus join with those courts that, subsequent to the Court of Appeals decision in Nuccio (supra), have ruled that the People cannot use the device of supersedure to continue a prosecution premised on an insufficient simplified information (see People v Quarles; People v Kaid, 165 Misc 2d 489 [1995]; cf. People v Baron, supra; People v Origlia).
Since the simplified informations in this case are rendered defective by the failure to timely serve supporting depositions (CPL 100.40 [2]), they must be dismissed (CPL 170.30 [1] [a]; 170.35 [1] [a]).