[908 NYS2d 525]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENJAMIN MAY, Respondent.

Supreme Court, Appellate Term, Second Department, July 8, 2010

2

## APPEARANCES OF COUNSEL

*Janet DiFiore, District Attorney*, White Plains (*Raffaelina Gianfrancesco, Richard Longworth Hecht* and *Anthony J. Servino* of counsel), for appellant. *Vouté, Lohrfink, Magro & Collins, LLP*, White Plains (*Charles A. Collins, Jr.*, of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is reversed, on the law, defendant's motion to dismiss the accusatory instruments is denied, the ac-

cusatory instruments are reinstated, and the matter is remitted to the Justice Court for all further proceedings thereon.

Defendant was involved in an automobile accident on March 19, 2008. That same day, he was given two appearance tickets relating to charges of, respectively, failure to keep right (Vehicle and Traffic Law § 1120 [a]) and driving to the left of double yellow lines (Vehicle and Traffic Law § 1126 [a]). Also on that same day, he allegedly consented to the drawing of a blood sample. Simplified traffic informations corresponding to the appearance tickets were filed on or about March 21, 2008. The laboratory report of the toxicology analysis, dated April 8, 2008, indicated a high level of a certain chemical in defendant's blood.

In July 2008, defendant made his first appearance in court for the appearance tickets, and, for reasons not clear from the record before this court, the simplified traffic informations were dismissed. On or about March 17, 2009, the People filed new simplified traffic informations charging defendant with the same two traffic infractions, and also filed a long form information charging him with the misdemeanor of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). On May 19, 2009, the People asserted their readiness for trial.

Defendant then filed a motion to dismiss all three accusatory instruments on statutory speedy trial grounds (CPL 30.30). The Justice Court granted the motion, concluding that the actions on all three accusatory instruments had been commenced, for CPL 30.30 purposes, by the filing of the two original simplified traffic informations, and that the People had not asserted their readiness within the 90-day period applicable to unclassified misdemeanors such as driving while ability impaired by drugs (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]).

The Justice Court erred in dismissing the simplified traffic informations charging the traffic infractions, because Criminal Procedure Law § 30.30 does not impose a readiness deadline for traffic infractions (see People v Kozoriz, 15 Misc 3d 141[A], 2007 NY Slip Op 51068[U] [App Term, 2d & 11th Jud Dists 2007]; People v Taylor, 189 Misc 2d 313 [App Term, 9th & 10th Jud Dists 2001]).

The Justice Court also erred in dismissing the information charging driving while ability impaired by drugs. Criminal Procedure Law § 100.10 (2) (a) provides:

"(a) A 'simplified traffic information' is a written accusation by a police officer or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and *which . . . designates the offense or offenses charged* but contains no factual allegations of an evidentiary nature supporting such charge or charges. *It serves as a basis for commencement of a criminal action for such traffic offenses*" (emphasis added).

Thus, each simplified traffic information could commence an action only for the traffic infraction that it designated (*cf.* CPL 100.10 [1], [4], [5] [applying to, respectively, informations, misdemeanor complaints, and felony complaints; not limiting the offenses for which these instruments can serve as the basis for the commencement of an action to the "designate(d) . . . offense or offenses"]). The action on the charge of driving while ability impaired by drugs consequently did not commence until the information charging that offense was filed on or about March 17, 2009. Since well under 90 days elapsed between the filing of the information charging driving while ability impaired by drugs and the People's assertion of readiness, the information charging driving while ability impaired by drugs should not have been dismissed. We note that we do not reach the question whether, under the circumstances here, long form informations charging the two traffic infractions would have commenced the action on the misdemeanor charge.

Finally, we observe that, although the filing of a simplified traffic information commences the criminal action (CPL 100.05), if the defendant is served with an appearance ticket, the action is deemed for CPL 30.30 purposes to have commenced on the date of the defendant's first appearance in a local criminal court in response to the ticket (CPL 30.30 [5] [b]). Thus, here, were the action on the misdemeanor information to have been commenced by the commencement of the action on the simplified traffic informations, the correct commencement date would have been the date of defendant's first appearance in response to the tickets, not the date of the filing of the simplified traffic informations, the date used by the Justice Court.

Defendant's claim that his constitutional right to a speedy trial, as codified in Criminal Procedure Law § 30.20, was

violated is not now properly before this court (*see People v Romero*, 91 NY2d 750, 753-754 [1998]).

Accordingly, the order is reversed and defendant's motion to dismiss the accusatory instruments is denied.

NICOLAI, P.J., LaCAVA and IANNACCI, JJ., concur.