OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion for an order dismissing counts 2 and 3 of the accusatory instrument and authorizing the making of further motions is denied.
Defendant was originally — and remains — accused of driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]) on account of an incident that is alleged to have occurred on August 21, 2015 at 5:09 p.m. Attached to this simplified traffic information is a “DUI/DWI SUPPORTING DEPOSITION AND BILL OF PARTICULARS” made by “PO Wulff.” By it, he (or she) attests that
“[a]t approximately 1719 HRS RMP 114 and RM 109 were assigned to an auto accident at 1983 New-bridge Rd in Bellmore, with a call description for a vehicle that struck a fence. RMP 708 and 715 were the first on scene, Officer Tait and Officer Dwyer. Both officers observed the defendant, now known as Helen Towey, in the driver [’]s seat of the vehicle, a 2007 tan Toyota Camry bearing NY Reg No.FCR4575, with the keys in the ignition parked along the left side of the house. The defendant was traveling northbound on Newbridge Rd, attempted *473 to make a right turn into her driveway and drove her vehicle through a section of PVC fence which belongs to 2434 Martin Ave Bellmore. The defendant then reversed her vehicle and pulled into the driveway along the left side of the house. Shortly after Officer Tait and Officer Dwyer arrived, Officer Barry, Officer Bentivegna, and Officer Wulff arrived on scene and requested a unit with a PBT. Officer Marfino responded and conducted a breath test of the defendant at 1831 HRS, yielding positive results of .403 BAC. The defendant was then placed under arrest at 1831 HRS and transported to Nassau University Medical Center in ambulance 2367 for a physical evaluation. Officers requested highway bureau to respond to the hospital to obtain a blood kit. The defendant was read the authorization form at 1944 HRS and refused at 1945 HRS. The defendant was then read the authorization warnings at 1947 HRS at which point she submitted to a chemical test of her blood. Blood kit number 2629 was conducted at 1955 HRS by Officer Pribyl and AMT Katsoros. The defendant was then transported from the hospital and arrived at CTS at approximately 2115 HRS for arrest processing. Defendant[’]s vehicle was impounded to All County Towing, 66 E. Merrick Rd., Freeport. Impound #01-256-15. Auto accident number 01-2860-15.”
Defendant was arraigned on the originally filed accusatory instrument on August 22, 2015, and the case was adjourned to October 7, 2015. On September 8, 2015, the People filed two documents, each labeled a “District Court Information.” By what is designated count 2, the People accuse defendant of driving with more than .08 of one percent by weight of alcohol in her blood (see Vehicle and Traffic Law § 1192 [2]). By the factual part (see CPL 100.15 [3]), the complainant (see CPL 100.15 [1]), Assistant District Attorney Corey Briskin, attests (see CPL 100.30 [1] [d]) “on information and belief” that, on August 21, 2015, at 5:09 p.m., defendant operated a motor vehicle “while having a blood alcohol content of .35 percent, as determined by the Nassau County Medical Examiner.” The source of his information and belief are specified as “the supporting deposition of Nassau County Police Officer Craig Wulff and the Toxicological Report of Forensic Scientist I David Cook which are annexed hereto and made a part hereof.” By what is *474 designated count 3, the People accuse defendant of driving with more than .18 of one percent by weight of alcohol in her blood (see Vehicle and Traffic Law § 1192 [2-a] [a]). Assistant District Attorney Corey Briskin is again the complainant, and he makes the same attestations in the factual part of count 3 as he did in support of count 2, including the designation of the sources of his information and belief. Annexed to each of these documents is another copy of the “DUI/DWI SUPPORTING DEPOSITION AND BILL OF PARTICULARS” made by “PO Wulff” that is annexed in support of count 1, and an obviously faxed copy of a “Tox[icological] Report” dated September 2, 2015 indicating that a blood kit was submitted to Dave Cook on August 26, 2015, that the collection date was August 21, 2015 @ 1955 hrs,” and that the “result was Ethanol Detected = 0.35% (w/v).” This document is verified in accordance with CPL 100.30 (1) (d), and, in barely legible letters, bears what appears to be an attempt at self-authentication of a business record pursuant to CPLR 4518 (c).
On October 7, 2015, the People made application to have defendant arraigned on the new charges. Over defendant’s objection, but granting her leave to challenge the propriety of filing long form informations in a prosecution commenced by the filing of a simplified traffic information, I arraigned defendant, continued her bail status, suspended her license to drive pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), and adjourned the matter to November 17, 2015. Defendant made (see CPLR 2211) the present motion on that date.
Urging that one should not be required to infer or speculate about what kind of accusatory instrument the People have filed, defendant seeks dismissal of counts 2 and 3 on the ground that the Criminal Procedure Law does not recognize nor define an instrument called a “District Court Information.” The gravamen of her application, however, is that the People improperly superseded a simplified traffic information with the two long form informations. In that regard, she insists that count 1 was dismissed when she was arraigned on counts 2 and 3, and she urges that the erroneous filing procedure the People employed is “against what is allowed” by the Criminal Procedure Law, that the two new counts should be dismissed as defective, and that the People are now without a “properly filed legally sufficient” instrument on which they can proceed. She also addresses her request for leave to make further motions.
The People — in unsigned opposition — note that nothing in the Criminal Procedure Law requires that an information bears *475 a title designating its identity as an information, and they urge that since the newly added charges substantially conform, in form and substance, to what is required of an information, the use of the designation “District Court Information” instead of “Information” has no bearing on the sufficiency of the pleadings. Conceding that the Criminal Procedure Law and case law prohibit superseding a simplified traffic information with an information, the People take issue with defendant’s claim that count 1 was dismissed and was therefore superseded. They urge that the Criminal Procedure Law expressly authorizes the filing of more than one accusatory instrument in the course of a criminal action; that a superseding pleading is a later-filed one charging a defendant with the same offense charged in the first instrument; that dismissal of the superseded count is required; that the first instrument is not superseded with respect to any count contained therein which charges an offense not charged in the second instrument; that the Criminal Procedure Law is not violated by the filing of long form informations that charge offenses not charged in the originally filed simplified traffic information; that, in this case, the arraignment on the added charges had no effect on count 1; and that, therefore, the filing of additional “entirely different” charges was proper. They also posit that, in the event the court finds the new informations “defective within the meaning of CPL 100.40,” they “reserve the right to amend and/or supersede them,” but they make no mention of defendant’s application for leave to make further motions. Annexed as an exhibit is the transcript of the arraignment proceedings conducted on October 7, 2015. It makes clear that count 1 remains pending.
Defendant serves no reply.
Although the People assume otherwise, it appears that, because of the lack of proper evidentiary attestations in the supporting deposition made by “PO Wulff,” there is no proper accusatory instrument, or any count thereof, on which the People can proceed to trial (see e.g. People v Alejandro, 70 NY2d 133 [1987]; People v Jackson, 32 Misc 3d 139[A], 2011 NY Slip Op 51550[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). But while both sides make passing use of such terms as “defective” and “legally sufficient,” defendant does not here attack the facial sufficiency of any count of the presently pending three-count accusatory instrument, and it would be improper for me to rule on issues not presently before me (cf. People v Lemma, 37 Misc 3d 143[A], 2012 NY Slip Op 52289[U] [App *476 Term, 2d Dept, 9th & 10th Jud Dists 2012]). I also note that, assuming the facial sufficiency of a count alleging violation of Vehicle and Traffic Law § 1192 (2) or (3) so as to have jurisdiction to proceed to trial, a person can be convicted, notwithstanding the pleadings, of violating Vehicle and Traffic Law § 1192 (1), (2), or (3) (see Vehicle and Traffic Law § 1192 [9]). The fuss now, however, is over whether counts 2 and 3 are misleadingly labeled and over whether the People, who gathered evidence at the time of the underlying incident and filed a charge via simplified traffic information before some of that evidence was tested and analyzed, can add charges based on the newly developed evidence. It is my view that neither ground presently advanced by defendant warrants the dismissal she seeks.
Defendant’s assertion that counts 2 and 3 should be dismissed because of the label at the top of each document is without merit: it is the form and substance of the accusatory instrument that determine how, and whether, it can be used (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]). And, in this case, since there are, among other things, a factual part and an accusatory part in each of counts 2 and 3, it is clear that neither of these documents is a simplified traffic information, a peculiar form of accusatory instrument that has no “factual part” (see CPL 100.10 [2] [a]; see also People v Green, 192 Misc 2d 296 [Nassau Dist Ct 2002]; People v Quarles, 168 Misc 2d 638 [Rochester City Ct 1996, Byrnes, J.]). It is equally clear that, because the factual parts of counts 2 and 3 are verified (see CPL 100.30 [1] [d]), neither document is intended to be a prosecutor’s information, and that, unless defendant has consented to be prosecuted by misdemeanor complaint, in order to meet applicable trial-ready pleading requirements, each of these two challenged counts must contain nonhearsay attestations of fact that support each element of each of the crimes charged and defendant’s commission thereof, i.e., that each is intended — and must be able — to serve the functions of an information (see CPL 100.10 [1]; see also People v Kalin). Thus, neither inference nor speculation is required to determine how the People are intending to proceed under counts 2 and 3.
Turning to defendant’s primary argument — that the People are improperly attempting to supersede a simplified traffic information — -as both sides agree, a simplified traffic information cannot be superseded by another simplified traffic information, by a prosecutor’s information, or by a long form informa *477 tion (see e.g. People v Kearns, 46 Misc 3d 43 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Greco, 12 Misc 3d 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; People v Baron, 107 Misc 2d 59 [App Term, 2d Dept, 9th & 10th Jud Dists 1980]; People v Tate, 45 Misc 3d 131[A], 2014 NY Slip Op 51587[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Donnelly, 30 Misc 3d 136[A], 2010 NY Slip Op 52376[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Indeed, as made, defendant’s primary argument is premised on the fallacy that count 1 has been dismissed and replaced by counts 2 and 3. This is not a case, however, where the People are trying, improperly, to correct some defect in the simplified traffic information (cf. People v Greco; People v Baron). And, as noted above, count 1 remains pending, counts 2 and 3 are additional, different charges premised on the same event, and it is reasonable to infer — again assuming the existence of facial sufficiency — that the People intend to proceed before the trier of fact on all three counts. Thus, what the People have done here simply does not constitute supersedure (see CPL 100.50). The question thus becomes whether the People can proceed in a single prosecution premised on two discrete types of accusatory instruments.
It is true that the judicial rationale for prohibiting supersedure of a simplified traffic information is that CPL 100.50 governs only informations, prosecutor’s informations and, by reference to CPL 170.65, misdemeanor complaints (see e.g. People v Greco; People v Baron) and thus does not expressly permit it. It is also true that while not prohibiting it, the Criminal Procedure Law does not specifically authorize mixing together in a single prosecution different types of accusatory instruments. And it is true that while the legislature contemplated that the filing of more than one accusatory instrument “in the course of the same criminal action” can occur (see CPL 100.05), it appears that its purpose in so contemplating was not to authorize the People to haphazardly put together the “separate and unrelated entities” of informations and simplified informations (see People v Baron at 61) for prosecution of a single defendant for a single event giving rise to multiple counts, but was, rather, to establish the date of commencement of the prosecution for purposes of determining when the People must be ready for trial (cf. CPL 30.30 [1]; 100.05; see also People v Silas, 1 Misc 3d 209 [Nassau Dist Ct 2003]). It also appears that, at least where the accusatory instrument is of a type that *478 has a factual part, the legislature contemplated that there should only be one document with a single factual part, even if there are multiple counts (cf CPL 100.15 [3]). And it appears that the rules governing joinder of offenses in local criminal courts apply only to informations, prosecutor’s informations, and misdemeanor complaints (see CPL 100.45 [1]), thus suggesting that it was intended that prosecution by the more factually demanding forms of accusatory instruments be conducted separately from those prosecuted by simplified information, “a statutory creation designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used” (see People v Nuccio, 78 NY2d 102, 104 [1991]). Of course, this all is at variance with the practices observed in this and other local criminal courts. As in this case, it has been the practice — for many years — to accept for filing an accusatory instrument in a multi-count case that consists of a separate document for each count, which separate documents are not necessarily of the same category of accusatory instrument, but that are attached and filed together under a single docket number. And the fact also remains that the events giving rise to the three counts now pending before me are alleged to have arisen from a single incident (cf CPL 200.20 [2] [a]). Moreover, the Court of Appeals has ruled, albeit in a slightly different context, that pleading procedures can be used in local criminal courts because, although not expressly authorized by the Criminal Procedure Law, they are also not prohibited (see People v Nuccio; see also People v Thomas, 4 NY3d 143 [2005]). Finally, the Appellate Term has tacitly approved of the pleading practice utilized here (see People v May, 29 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Appellate and legislative clarification may be warranted, but under present circumstances, I deny defendant’s motion to dismiss counts 2 and 3 on the grounds advanced.
Defendant’s application for leave to make further motions is denied without prejudice to a properly grounded motion for specified relief.