*308 OPINION OF THE COURT
Memorandum.
Judgment of conviction for resisting arrest (Penal Law § 205.30) reversed on the law and superseding information dismissed.
Judgment of conviction for assault in the third degree (Penal Law § 120.00 [1]) affirmed.
The superseding information charging defendant with resisting arrest was j uris diction ally insufficient (see, CPL 100.15, 100.40). Absent were any factual allegations establishing, if true, that the underlying arrest was authorized (see, CPL 100.40 [1] [c]; Penal Law § 205.30; People v Casey, 95 NY2d 354, 362; People v Alejandro, 70 NY2d 133, 135-136). Said accusatory instrument, which was subscribed by the complainant officer rather than a District Attorney, did not constitute a prosecutor’s information (CPL 100.35).
The mere existence of a domestic violence report verified by Mrs. Grabinski would be inadequate to cure the deficiency in the superseding information (see, CPL 100.40 [1] [b]). Said report was neither filed with, nor incorporated by reference into, the superseding information. The sufficiency of an accusatory instrument should, as statutorily prescribed, be determined upon a reading of the face of the instrument itself together with any supporting depositions accompanying or filed in connection therewith (CPL 100.20, 100.40, 170.35 [1] [a]; see also, People v Casey, supra, at 361). Reliance on extrinsic materials to uphold the sufficiency of the instrument would result in a judicial usurping of the legislative plan.
Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we determine that a rational trier of fact could find beyond a reasonable doubt that all of the essential elements of assault in the third degree had been established (see, Penal Law § 10.00 [9]; § 120.00 [1]; People v Henderson, 92 NY2d 677). In Matter of Philip A. (49 NY2d 198, 200), the Court of Appeals indicated that “petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives” (internal quotation marks omitted) would not give rise to the degree of “substantial pain” necessary to establish a “physical injury” as required for a conviction of assault in the third degree (Penal Law § 10.00 [9]; § 120.00). In the case before us, the conduct of defendant could hardly be deemed “petty” and resulted in pain which, though minimized by his victim at trial, could be found by the jurors to have been *309 substantial. The verdict of those triers of fact should not be set aside (see, Matter of Philip A., supra).
Exercising our power to review the facts (CPL 470.15 [5]; see also, People v Bleakley, 69 NY2d 490), we find that the verdict with respect to the assault conviction was not against the weight of the evidence.
The other issues raised herein are either unpreserved for appellate review or lacking in merit.