OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
In this prosecution for possessing a loaded rifle in public within the City of New York, the People established that *488 defendant’s possession of a loaded rifle in a locked trunk of a car parked on a street in the City of New York violated the provisions of section 10-131 (h) (1) of the Administrative Code of the City of New York. Our view is bolstered by our reading of section 10-131 (h) (2) of the Administrative Code, which permits the carrying of an unloaded rifle in a public place within a closed case. The inescapable conclusion is that the carrying of a loaded rifle in a public place within a similar closed container, such as the trunk of a car, is prohibited. It follows that despite the fact that a rifle is placed in a piece of luggage carried in the street or the trunk of a car parked on a city street, as in the instant case, it can still be considered to be in “public” for purposes of the subject provision, and the public nature thereof is not transformed merely by the fact that the container is closed and nontransparent.
Moreover, the legislative history of the section in question, in the report of the Committee on City Affairs, dated July 7, 1964, noted that a provision of the Conservation Law (now ECL 11-0931 [2], contained in title 9 of the Environmental Conservation Law, entitled “Hunting”) prohibited carrying a loaded rifle in a motor vehicle. The committee apparently was under the impression that such section would be construed as applying only to areas of hunting (but see People v Russo, 38 Misc 2d 957) and, thus, adopted this provision to protect the citizens of New York City.
We also conclude that the charge permitted the jury to determine the applicable legal issues before it. We find no merit to the remaining contentions of defendant.