OPINION OF THE COURT
Deborah Kaplan, J.
In this case, the court is called upon to decide whether the inside of a car parked on a Manhattan street constitutes a “public place” within the meaning of Penal Law § 221.10 (1) where the defendant makes several trips with other individu *229 ais to the car and reaches through the window to the front passenger seat to a bag of marijuana. The court concludes that the allegations of the instant information establish a prima facie case of criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]) and that, therefore, the defendant’s motion to dismiss the information as facially insufficient is denied. x
The information alleges that at approximately 2:35 a.m. on October 17, 2002, Detective Joseph Gallo observed the defendant standing in front of 114 Dyckman Street in New York County. An unapprehended individual approached the defendant and walked with him to a motor vehicle which was parked in front of 204 Nagle Avenue. The defendant, crouched near the front passenger window of the vehicle with the individual, and then walked back to stand in front of 114 Dyckman Street. The information further alleges that the defendant repeated the same conduct twice more with two more unapprehended individuals, and that the defendant was observed by the detective reaching into the open passenger window of the vehicle. Detective Gallo observed a large plastic bag containing numerous ziplock bags of marijuana on the front passenger seat of the vehicle. The bag, when recovered, was found to contain 20 bags of marijuana.
“A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses * * * marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view.” (Penal Law § 221.10 [1] [emphasis added].) Section 240.00 defines “public place” as “a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.” (Penal Law § 240.00 [1].)
In People v McNamara (78 NY2d 626 [1991]), the Court of Appeals made clear that for purposes of determining facial sufficiency, the interior of a parked car may be considered a “public place” where the information alleges facts which establish that “the car’s interior is visible to a member of the passing public, and the vehicle is situated in a place where it likely would be observed by such a person.” (People v McNamara, supra at 634.) While the McNamara Court interpreted “public place” in the context of the public lewdness statute (Penal Law *230 § 245.00), the Appellate Term has similarly held that the interior of car is a “public place” for purposes of a gun possession charge. In People v Harris (193 Misc 2d 487 [App Term, 2d Dept 2002]), the court rejected the defendant’s challenge to his conviction on the ground that a loaded rifle was in the trunk of a car and therefore not possessed in a “public place.” The court found that the “public nature” of the possession is not transformed by the fact that the weapon is placed inside the trunk. Indeed, in McNamara, the Court of Appeals contrasted the “broad definition” of “public place” found in Penal Law § 240.00 with the narrower definition pertinent to the public lewdness statute, Penal Law § 245.00. (See People v McNamara, supra at 633.) Accordingly, the interior of a car situated on a public street may well be considered “a place to which the public or a substantial group of persons has access” for purposes of Penal Law § 221.10 (1). (See also People v Robinson, 265 AD2d 812 [4th Dept 1999] [factory parking lot is “public place” within meaning of Penal Law § 240.00]; People v Gaines, 167 Misc 2d 923 [Sup Ct, Queens County 1996] [lobby of apartment building near public school is “public place” within meaning of Penal Law § 240.00].) In light of this authority, in People v Jones (Crim Ct, NY County, Jan. 31, 2003, Kaplan, J.), this court held that the information sufficiently alleged the “public place” element of criminal possession of marijuana in the fifth degree where it stated that a police officer observed the defendant pass marijuana to a codefendant while the two men sat in a car at the intersection of West 145th Street and Broadway in Manhattan.
Here, the information similarly alleges that the defendant was observed by a detective reaching into the open window and retrieving marijuana from the front passenger seat of a vehicle parked on a public street in Manhattan. The car remained parked on the street while the defendant was approached by and brought three separate individuals to the vehicle and the detective could see marijuana on the front passenger seat. As concluded by this court in Jones (supra), the allegations of the information in this case support the inference that “the car’s interior is visible to a member of the passing public, and the vehicle is situated in a place where it likely would be observed by such a person.” (People v McNamara, supra at 634.) A Manhattan street, unlike the “desolate road” scenario discussed in McNamara, is certainly “a place to which the public or a substantial group of persons has access.” (Penal Law § 240.00 [1].) Moreover, in this case, the information indicates that the *231 defendant possessed the marijuana outside the car, not just inside, as in People v Jones (supra). The allegations of the instant information support the inference that the defendant used the parked vehicle because its close proximity to the passing public and the sidewalk made it a convenient place to conduct business.
Accordingly, the defendant’s motion to dismiss the information as facially insufficient is denied. The defendant’s motion to suppress the marijuana is granted to the extent that a Dunaway /Mapp hearing is ordered. The defendant’s motion to suppress his statements is denied inasmuch as the People indicate in their voluntary disclosure form that they do not intend to offer any statements as evidence at trial.