OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for purposes of disposition.
Appeal from the order dated July 10, 2002 unanimously dismissed as superseded by order dated April 18, 2003.
Order dated April 18, 2003 unanimously modified on the law by providing that, upon reargument, defendant’s motion to dismiss the accusatory instruments is denied, accusatory instruments reinstated and matter remanded to the court below for all further proceedings.
On April 1, 2002, defendant was initially charged in separate accusatory instruments with assault in the third degree (Penal Law § 120.00 [1]) and resisting arrest (Penal Law § 205.30). The factual portion of the accusatory instrument charging defendant with assault in the third degree contains a single allegation that deponent, the arresting officer, was informed by the victim that defendant jumped on the back and twisted the arm of Audrey Armstead. The accusatory instrument charging defendant with resisting arrest contains the same allegation as alleged in the accusatory instrument charging defendant with assault in the third degree and further alleges that defendant clenched his fist and moved toward the arresting officer when the officer was attempting to handcuff him. The complainant also alleges therein that defendant was wrestled to the floor and flailed his arms in an attempt to avoid being arrested.
On April 5, 2002, defendant was charged in new accusatory instruments with harassment in the second degree (Penal Law § 240.26 [1]) and resisting arrest (Penal Law § 205.30), and the original accusatory instruments were dismissed. Thereafter, de *59 fendant moved to dismiss the newly filed accusatory instruments on the ground that the original accusatory instruments could not be superseded by the new accusatory instruments because the latter instruments contained either a new charge (i.e., harassment in the second degree) or was supported by operative facts that were not alleged in the original accusatory instruments. The court below granted the motion to dismiss the accusatory instruments on the ground that the People did not properly supersede the original accusatory instruments pursuant to CPL 100.50. Thereafter, the People moved for reargument and, upon granting reargument, the court below adhered to its prior order, and made findings that the charges in the new accusatory instruments were not based on operative facts stated in the original accusatory instruments. The court held that the original accusatory instruments could not be superseded in accordance with CPL 100.50 (1) and dismissed the accusatory instruments pending against the defendant.
CPL 100.05 authorizes the filing of “more than one” accusatory instrument in the course of the same criminal action where several separate instruments are filed charging different offenses based on different facts. This section limits the time in which a new instrument may be filed only to the extent that the action is deemed commenced when “the first of such instruments is filed” and implicitly, so long as the statute of limitations and speedy trial time periods are not violated. The District Attorney has virtually unfettered discretion in deciding whether, whom and how to prosecute, and limitations on that power are not to be presumed by implication (People v Felman, 137 AD2d 341 [1988]; see People v Di Falco, 44 NY2d 482, 486 [1978]). Thus, in the absence of a statutory provision limiting the prosecutor’s authority to file more than one accusatory instrument in the course of a criminal action (CPL 100.05), the People were not barred from filing the new accusatory instrument charging defendant with harassment in the second degree and said instrument should not have been dismissed.
Contrary to the opinion of the court below, the second accusatory instrument, an information, charging defendant with resisting arrest properly replaced the initial misdemeanor complaint since the information charges defendant with an offense based on conduct which was the subject of the original charge (CPL 100.50 [33; 170.65 [23).
McCabe, PJ., Rudolph and Angiolillo, JJ., concur.