OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with criminal possession of marijuana in the fifth degree (in violation of Penal Law § 221.10 [1]) and unlawful possession of marijuana (in violation of Penal Law § 221.05). By omnibus motion he moves, inter alia, for an order *554 dismissing the charge of Penal Law § 221.10 (1) for facial insufficiency.
An information is facially sufficient if it contains facts of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) Furthermore, the information must contain nonhearsay allegations which, if true, establish every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [b], [c].) An information which fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
The information alleges, in pertinent part, that at Dyckman Street and Seaman Avenue, Police Officer Brian Egan observed Jesus Santos exit a motor vehicle driven by defendant and approach an unidentified individual. Officer Egan then observed Mr. Santos receive three bags of marijuana from the unidentified individual in exchange for a sum of money, return to the vehicle, and enter it. Mr. Santos handed one bag of marijuana to defendant, who threw it to the floor of the vehicle. Officer Egan recovered the bag of marijuana from the floor of the vehicle immediately next to where defendant was sitting.
Penal Law § 221.10 (1) states, “A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses . . . marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view . . . .” Penal Law § 240.00 (1) defines “public place” as
“a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.”
Defendant argues that the charge of criminal possession of marijuana in the fifth degree is facially insufficient because it fails to establish that the officer, standing outside the car, could positively identify from his vantage point that what was handed to defendant was marijuana. He also asserts that because the car’s windows were tinted, the marijuana was not in public view. Finally he contends that the motor vehicle in which he allegedly possessed the marijuana is not a public place.
*555 Inability to Observe
On a motion to dismiss an accusatory instrument the court must confine its analysis to the allegations contained in the complaint and in any depositions filed in support of it. (People v Pelt, 157 Misc 2d 90, 92 [Grim Ct, Kings County 1993]; People v Fink, NYLJ, May 22, 1992, at 23, col 4 [Crim Ct, NY County].) Defendant’s allegations regarding the police officer’s ability to identify the bag as containing marijuana and the tinted windows are dehors the complaint. Thus, the court may not consider defendant’s allegations in ruling on the sufficiency of the information. Accordingly, this branch of the motion to dismiss is denied.
Public Place
No appellate authority has determined the precise issue presented here, i.e., whether a parked car may be deemed a “public place” within the meaning of Penal Law §§ 240.00 and 221.10 (1). However, People v Butler (195 Misc 2d 228 [Crim Ct, NY County 2003]), while factually distinct from the instant case, addresses this issue.
In Butler the information alleged that a detective observed the defendant reach into the open window and retrieve marijuana from the front passenger seat of a vehicle parked on a public street in Manhattan. The detective could see marijuana on the front passenger seat of the car. While the defendant in Butler was actually observed on the street in possession of marijuana — a fact not alleged in the instant complaint — the Butler court’s analysis is persuasive.
The Butler court cited People v McNamara (78 NY2d 626 [1991]), in which the complaint alleged a violation of the public lewdness statute (Penal Law § 245.00 [a]). Although the Court of Appeals rejected the prosecution’s request that it adopt the “broad” definition found in Penal Law § 240.00, it held that for purposes of determining facial sufficiency, the interior of a parked car may be considered a “public place” under circumstances indicating that “the car’s interior is visible to a member of the passing public, and that the vehicle is situated in a place where it likely would be observed by such a person.” (People v McNamara, 78 NY2d at 633-634.)
The Butler court also cited People v Harris (193 Misc 2d 487 [App Term, 2d Dept 2002], lv denied 99 NY2d 559 [2002]). That case held that the trunk of a car parked on a city street is in “public” under section 10-131 (h) (1) of the Administrative *556 Code of the City of New York, prohibiting possession of a loaded rifle or shotgun in public. (Id. at 488.)
People v Morgan (10 AD3d 369 [2d Dept 2004]), decided after Butler, provides additional support for the Butler analysis. The Morgan court held that a police officer who detected the strong odor of marijuana emanating from the defendant’s car, observed the remains of marijuana cigarettes in the ashtray, and heard an admission by the passenger that the occupants had been smoking, had probable cause to arrest the defendant for, inter alia, the misdemeanor of criminal possession of marijuana in the fifth degree. In so holding, the Court cited as authority the same cases relied upon by Butler: People v McNamara (78 NY2d 626 [1991]) and People v Harris (193 AD2d 757 [1993]).
The legislative history surrounding the enactment of Penal Law § 221.10 (1) suggests that it was intended to apply to a vehicle parked on a public street. The section was promulgated as part of the Marihuana Reform Act of 1977. It was the Legislature’s intention in passing the act to ensure that “[t]he average citizen who merely uses a small quantity of marijuana for personal use at home or to share with friends would no longer fear arrest, jail, or a criminal record.” (Mem of Assembly Comm on Codes, Bill Jacket, L 1977, ch 360 [emphasis added]; see also Mem of Community Service Society of NY, Feb. 11, 1977, Bill Jacket, L 1977, ch 360 [“We strongly support the intent of the instant bill to remove the possibility of arrest, jail and a criminal record from the otherwise law-abiding citizen who wishes to use or to share with friends a small quantity of marijuana for recreational purposes in his home” (emphasis added)]; Mem No. 21 of Community Service Society of NY, Mar. 25, 1977, Bill Jacket, L 1977, ch 360.)
The Legislature incorporated the “very broad” definition of “public place” found in section 240.00 as an element of the crime of criminal possession of marijuana in the fifth degree. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.00, at 332.) Among the places which section 240.00 deems “public” are highways. (Penal Law § 240.00 [1].)
The complaint here alleges that defendant possessed marijuana in a vehicle at the intersection of two public streets in New York County. In light of prevailing case law, the legislative history of Penal Law article 221, and the broad definition of “public place” found in section 240.00 (1), the complaint sufficiently alleges that defendant possessed marijuana in a public place.
*557 Defendant’s motion to dismiss the charge of criminal possession of marijuana in the fifth degree is denied.
Other Motions
Defendant’s motion to suppress physical evidence is granted to the extent that a hearing shall be held to determine whether there was probable cause to arrest the defendant.
Defendant’s Sandoval motion is reserved for the trial court.