*841 OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s single motion, made by notice dated October 15, 2007 bearing two docket numbers, for an order dismissing the accusatory instruments as facially insufficient, suppressing evidence on account of an unlawful search or seizure, granting him Sandoval relief, and authorizing the making of further motions is granted to the extent that the accusatory instrument filed under this docket is dismissed as facially defective. The People’s separate but simultaneously submitted motion, made by notice dated November 2, 2007, for an order consolidating this action with People v Finch (docket No. 17719/07), and defendant’s cross motion, made by cross notice dated December 12, 2007, for an order dismissing the accusatory instruments pursuant to CPLR 3126, or, alternatively, precluding the People from offering evidence at trial, are denied by separate order issued simultaneously herewith under docket number 17719/07.
Defendant is accused, by long form information filed under this docket, of criminal possession of marijuana in the fifth degree, the elements of which, insofar as is here pertinent, are knowingly possessing marijuana in a public place as defined in Penal Law § 240.00, and that the marijuana is open to public view (see Penal Law § 221.10 [1]). By the factual part (see CPL 100.15 [3]) of the information, the complainant (see CPL 100.15 [1]), Police Officer Alejandro C. Perez, attests that, on July 19, 2007, at 1:10 a.m., he observed defendant in possession of a zip-lock type bag “containing a greenish-brown vegetable-like substance believed to be marijuana . . . inside of a 2000 Mercury color black with New York registration 495011A. Your deponent did observe the above-listed offense while the Defendant was in a public place open to public view.” The place of the occurrence is specified as “NB Middle Neck Rd” in Great Neck, New York. According to a supporting deposition now annexed to the information, the substance evidently retrieved from defendant’s car is marijuana with a weight of 1.41 grams. Defendant is also charged, by two simplified traffic informations filed under docket number 11719/07, with unreasonable speed and driving without a license (see Vehicle and Traffic Law § 1180 [a]; § 509 [1]) on account of the same incident that gives rise to the charge under this docket. The place of the occurrence is thus specified as “N/B Middle Neck Rd,” Great Neck, New York, and the car defendant is claimed to have been driving is the same 2000 black Mercury that allegedly contained the marijuana. At ar *842 raignment, the People served and filed a CPL 710.30 notice that bears the docket number of each action advising that they intend to use at trial a statement they claim defendant made to law enforcement personnel at the scene, date and time of the incident underlying both actions to the effect that “I only have one bag of marijuana, I don’t think there’s any more.”
In support of that branch of his single motion which is for dismissal, defendant urges that “[a]ll charges” are facially insufficient, but he proceeds as if all charges are made by way of information. Insofar as he seeks dismissal of the instrument filed under this docket, defendant complains that the officer’s conclusion that he possessed the marijuana in a public place and in public view is insufficient to support the charge that he criminally possessed marijuana. Insofar as he seeks dismissal of the “traffic violations” filed under docket number 17719/07, he asserts that the failure to specify the speed at which he was driving and the failure to specify the “permitted” speed render the speeding charge insufficient, and that, because, according to him, there was no probable cause to stop his car, the unlicensed operation charged must be dismissed. He addresses his request for Sandoval relief, and, insofar as he directly addresses his request for suppression, he posits only that “contraband” was taken from him in violation of his right to be protected against illegal searches and seizures, and that information gathered from him about the status of his license, including a vaguely alluded-to statement about it, is the product of an “illegal stop.” The People in opposition assert, first, that defendant has failed to come forward with sufficient allegations of fact to warrant even a hearing on his application to suppress evidence, and they note that, in any event, they are unaware of and have served no notice regarding the statement about defendant’s license that he implies he made. Insofar as defendant seeks dismissal of the accusatory instrument filed under this docket, they assert, at least tacitly, that Middle Neck Road is a public place, and that so too is the interior of a car traveling on it. They also go outside the four corners of the information to assert that Officer Perez “observed marijuana in plain view on the center of the console.” Insofar as defendant seeks dismissal of the simplified traffic informations, they note that, to be sufficient, these accusatory instruments need only be substantially in the form prescribed by the commissioner of motor vehicles, and assert that those filed under docket number 11719/07 are. They urge that whether the stop of defendant’s car was lawful *843 is irrelevant on the issue of whether the simplified traffic informations are sufficient, and assert that, since defendant is charged with violating Vehicle and Traffic Law § 1180 (a), there is no need to designate either the speed at which it is claimed he was driving, or to specify the “permitted” speed. They posit that defendant’s request for Sandoval relief is premature, and oppose defendant’s unaddressed request for leave to make further motions.
Defendant serves a reply by which he addresses, and disputes, the People’s assertion that the inside of his car is a public place. In the process, he specially notes that he, not the marijuana, is what Officer Perez claims he observed “in a public place and open to public view.”
A simplified traffic information is a peculiar form of accusatory instrument that is authorized in limited, statutorily specified cases as an alternative to prosecution by long form information (see CPL 100.10 [2] [a]; People v Green, 192 Misc 2d 296 [Nassau Dist Ct 2002]; People v Quarles, 168 Misc 2d 638 [Rochester City Ct 1996, Byrnes, J.]). Prosecutions by simplified traffic information are governed by somewhat different standards than those applicable to prosecutions by long form information, the most notable being that pleading requirements are far less factually demanding (see People v Nuccio, 78 NY2d 102 [1991]; People v Baron, 107 Misc 2d 59 [App Term, 2d Dept 1980]; People v Green, supra; People v Quarles, supra). As the People note, the requirements for facial sufficiency of a simplified traffic information are merely that the accusatory instrument be in brief, simplified form in accordance with the directives of the commissioner of motor vehicles (see CPL 100.10 [2] [a]; 100.40 [2]), and, where a supporting deposition has been provided, that the supporting document set forth verified allegations of fact providing reasonable cause to believe that the defendant committed the offense charged (CPL 100.25). Supersedure is not available in a prosecution premised on a simplified traffic information (see People v Green, supra). In contrast, supersedure is readily available — without court leave — in a prosecution premised on, e.g., a long form information (see CPL 100.50; People v Thomas, 4 NY3d 143 [2005]). And it is well settled that, in order to be sufficient, a long form information must both provide reasonable cause to believe that the defendant committed the offense charged, and contain sworn, nonhearsay allegations supporting every element of that offense, and the defendant’s commission thereof (see CPL 100.15, 100.40 [1]). *844 Concrete, nonhearsay factual allegations are sufficiently supportive of an element of the offense charged if they give rise to a reasonable inference that the named defendant committed that particular element (see People v Henderson, 92 NY2d 677 [1999]; People v Li, 192 Misc 2d 380 [Nassau Dist Ct 2002]), but conclusory statements, unsupported by “facts,” are inadequate (cf. People v Dumas, 68 NY2d 729 [1986]; see also Matter of Jahron S., 79 NY2d 632 [1992]). The information thus must demonstrate the existence of a prima facie case (People v Henderson, 92 NY2d 677 [1999]), but the prima facie case requirement “is not the same as the burden of proof beyond a reasonable doubt” (id. at 680). When ruling on the sufficiency of an information, a court must accept the factual allegations as true (People v Casey, 95 NY2d 354 [2000]; People v Henderson, supra), but it is limited to reviewing the facts as they are set forth in the four corners of the accusatory document (see People v Voelker, 172 Misc 2d 564 [Crim Ct, Kings County 1997, Morgenstern, J.]; cf. CPL 100.40 [1]), and separate documents must be read separately (see People v Grabinski, 189 Misc 2d 307 [App Term, 2d Dept 2001]). A court need not, however, dismiss a long form information, and may allow the People time to formally cure, if they demonstrate both an intention, and an ability, to do so (see People v Casey, 95 NY2d 354 [2000]; see also People v Clinkscales, 3 Misc 3d 333 [Nassau Dist Ct 2004]; People v Cobb, 2 Misc 3d 237 [Crim Ct, Queens County 2003, Zayas, J.]; People v Romano, 188 Misc 2d 368 [Crim Ct, Queens County 2001, Modica, J.]).
Given the spare standards applicable to simplified traffic in-formations, and since there is no indication that he demanded a supporting deposition so as to require a demonstration that reasonable cause exists to believe that he was speeding and driving without a license, it is clear that defendant’s application to dismiss the charges filed under docket number 11719/07 on account of facial insufficiency is without merit. Indeed, not only are defendant’s actual speed and the “permitted” speed irrelevant to a prosecution for driving at an imprudent rate of speed (see Vehicle and Traffic Law § 1180 [a]; cf. e.g. § 1180 [b]), actual lack of probable cause for a vehicle stop — as distinct from allegations necessary where pleading requirements so dictate — is by itself no basis for dismissal of an accusatory instrument (cf. CPL 170.30; see e.g. Payton v New York, 445 US 573, 592 n 34 [1980]). Defendant’s application insofar as it is directed at the charges filed under docket number 17719/07 is accordingly *845 denied. Insofar as it is directed at the information filed under this docket, however, the application is on a different footing.
Penal Law § 240.00 (1) defines public place as:
“a place to which the public or a substantial group of persons has access and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.”
Middle Neck Road in Great Neck, New York, is obviously a public place within the meaning of Penal Law article 240, and thus within the meaning of Penal Law § 221.10. And, as the People note, the Court of Appeals has ruled that a car parked on a public street such as Middle Neck Road can constitute a public place (see People v McNamara, 78 NY2d 626 [1991]). But, albeit in a context slightly different from the context here, the Court of Appeals also simultaneously noted that, because the interior of even a parked car “is not in itself a ‘public place’ ” (id. at 634), it ruled that an information by which a person is accused of engaging in conduct that is criminalized because it occurs in a public place must, if it is claimed to have occurred in a car, contain allegations of fact demonstrating that, under the particular circumstances, the car’s interior is indeed public. Apart from the fact that there is no claim here that defendant’s car was “parked,” no facts are included in the information that support Officer Perez’ mere, and only indirect, conclusion that defendant’s car constituted a public place (People v McNamara). Moreover, in order to be guilty of criminal possession of marijuana in the fifth degree, not only must a person be in a public place, the marijuana, unless it is of a certain weight, or burning, must itself be open to public view (see Penal Law § 221.10). Even if I were to regard Officer Perez’ attestation that it was defendant that was open to public view as a mere scrivener’s error, the information remains devoid of facts that support a conclusion that the marijuana “inside of a 2000 Mercury” was open to “public view.” The information is therefore defective on its face (cf. People v McNamara, supra; cf. People v Murray, 11 Misc 3d 134[A], 2006 NY Slip Op 50467[U] [App Term, 1st Dept 2006]).
As noted above, the People can be afforded an opportunity to cure defects such as those extant in the information filed here if they demonstrate both an intention and an ability to do so (see People v Casey, supra; People v Clinkscales, supra; People v Cobb, supra; People v Romano, supra). Moreover, I recognize that there is case law to support the proposition that the interior of *846 a parked car viewable by the public can constitute a “public place” for criminal-possession-of-marijuana purposes (see People v Guzman, 6 Misc 3d 553 [Crim Ct, NY County 2004]; People v Butler, 195 Misc 2d 228 [Crim Ct, NY County 2003, Kaplan, J.] cf. People v Murray, 11 Misc 3d 134[A], 2006 NY Slip Op 50467[U] [2008], supra). But I am aware of no case holding that the interior of a car moving on a public roadway pulled over on account of a traffic infraction constitutes a “public place.” Nor am I aware of any case that holds that marijuana is “open to public view” simply because police conducting a Vehicle and Traffic Law investigation discover it in “plain view” on the center of a car’s console. Thus, even if I were to regard the People’s assertions about matters outside the four corners of the information as an announcement of their intention to cure its defects, in light of the legislative purpose of decriminalizing the private possession of a small amount of marijuana that is not in the process of being smoked (see Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 221), I am not persuaded that the People can cure the defects I have noted. The information is accordingly dismissed.
This determination renders moot defendant’s remaining requests for relief insofar as they concern this action. Insofar as they concern the action prosecuted under docket number 17719/ 07, they are denied. Apart from the fact that defendant has failed to come forward with facts sufficient to warrant even a hearing to determine whether he was subjected to an unlawful search or seizure (see CPL 710.60 [3]; People v Mendoza, 82 NY2d 415 [1993]), it appears there is no evidence to suppress that is pertinent to that action. His request for Sandoval relief is denied with leave to renew immediately prior to trial of the charges filed under docket number 17719/07 (see CPL 240.43; People v Sandoval, 34 NY2d 371 [1974]), and his request for leave to make further motions in that action is denied without prejudice to a properly grounded motion for specified relief.