OPINION OF THE COURT
Ira H. Margulis, J.
*207 Defendant, Antoine Humphrey, charged with unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and failure to signal (Vehicle and Traffic Law § 1163 [a]), moves to dismiss the second count on the grounds it is facially insufficient and for other omnibus relief. Defendant’s motion is decided as follows:
Facial Sufficiency
Defendant’s motion to dismiss the second count on the grounds that it is facially insufficient is granted in accordance with the findings below.
Suppression
Defendant’s application for a DunawaylMapp hearing is denied as moot.
Defendant’s application to suppress statements pursuant to People v Huntley (15 NY2d 72 [1965]) is granted inasmuch as the People concede they failed to give timely notice in accordance with CPL 710.30 (1) (a).
Amendment of the Misdemeanor Information
In their response to defendant’s motion to dismiss, the People have included what they deem to be a “motion to amend the information” by adding a charge under Administrative Code of the City of New York § 10-133 (b) (unlawful possession of knives or instruments) and dismissing the charge of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). (People’s response, Apr. 7, 2008, at 5.)
Although it is proper for the People to file a superseding misdemeanor information in response to a defendant’s motion to dismiss for facial insufficiency (see People v McDonald, 179 Misc 2d 479, 481 [Crim Ct, NY County 1999]), it must be done in proper form, viz. — by filing with the court and serving on defendant a facially sufficient superceding misdemeanor information, not by doing so in the body of a responsive pleading. (CPL 100.50; cf. People v Clinkscales, 3 Misc 3d 333, 339 [Nassau Dist Ct 2004].)
Notwithstanding, and in the interest of judicial economy, the court grants the People’s motion to dismiss the second count (Penal Law § 265.01 [2]), and supercede that count with a charge of violating Administrative Code § 10-133 (b).
A misdemeanor complaint must be sufficient on its face before it can be converted to an information upon which the People can proceed to trial (CPL 170.65 [1]; People v Dumas, 68 NY2d 729 [1986]), setting forth nonhearsay allegations establishing *208 every element of the offense charged. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, [the court should give it] a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].)
Although there is a lower threshold than the burden of proof beyond a reasonable doubt required at trial (People v Henderson, 92 NY2d 677, 680 [1999]), the allegations in the four corners of the accusatory instrument and any supporting depositions, standing alone, must establish prima facie reasonable cause to believe the accused is guilty of the charged crime or crimes. (People v Allen, 92 NY2d 378, 385 [1998].)
The People have moved to amend the instrument by dismissing the second count charging Penal Law § 265.01 (2) and adding a new charge alleging a violation of Administrative Code § 10-133 (b). The court now examines the facial sufficiency of this new charge.
Administrative Code § 10-133 (b) provides: “It shall be unlawful for any person to carry on his or her person or have in such person’s possession, in any public place, street, or park any knife which has a blade length of four inches or more.”
Unlike Penal Law § 265.01 (2), there is no scienter requirement to this statute (Penal Law § 265.15 [4]; People v Ortiz, 125 Misc 2d 318, 326-327 [Crim Ct, Bronx County 1984] [construing former Administrative Code § 436-5.2, the predecessor statute to section 10-133]); the mere possession, in public, of a knife with a blade of four inches or greater in New York City is unlawful unless possession falls within one of the exceptions provided by section 10-133 (d). (Ortiz at 324; People v Singh, 135 Misc 2d 701 [Crim Ct, Queens County 1987] [Sikh priest could not wear ceremonial knife in public, even though it was an essential tenet of his religion]; compare People v Rivera, 182 Misc 2d 244, 246 [Crim Ct, NY County 1999] [construing violation of Penal Law § 265.01 (2), “a knife designed primarily for use as a utilitarian utensil is not deemed a weapon”].)
This case arose from a traffic stop. The affiant police officer alleges, in relevant part, “[d]eponent . . . states that he observed and recovered a knife which had a blade in excess of four inches from the center console of the above mentioned vehicle.”
*209 The question is, therefore, whether the inside of the automobile was a “public place” for the purposes of this statute in the circumstances set forth in the alleged facts. The court finds that it is not.
A “public place” is not defined in the statute. In section 10-133 (a), “Legislative findings,” the City Council stated:
“It is hereby declared and found that the possession in public places, streets and parks of the city, of large knives is a menace to the public health, peace, safety and welfare of the people of the city; that the possession in public places, streets and parks of such knives has resulted in the commission of many homicides, robberies, mannings and assaults of and upon the people of the city; that this condition encourages and fosters the commission of crimes, and contributes to juvenile delinquency, youth crime and gangsterism; that unless the possession or carrying in public places, streets and parks of the city of such knives without a lawful purpose is prohibited, there is danger of an increase in crimes of violence and other conditions detrimental to public peace, safety and welfare. It is further declared and found that the wearing or carrying of knives in open view in public places while such knives are not being used for a lawful purpose is unnecessary and threatening to the public and should be prohibited.” (Emphasis added.)
Indeed, the legislative history of section 10-133 and its predecessor statutes indicates the law was enacted to prohibit the carrying of all knives with blades four inches or greater within public places in New York City, unless the knife was needed for one of the purposes defined in section 10-133 (d). {Ortiz, supra.)
However, in the instant case the knife was recovered from inside an automobile — an area that is not per se a public place. (See e.g. Penal Law § 240.00 [1] [defining “public place” as “a place to which the public or a substantial group of persons has access”].) For example, in People v McNamara (78 NY2d 626, 634 [1991]), the Court of Appeals held that
“the interior of a vehicle parked at a stated address is not itself a ‘public place,’ but it may become one under circumstances indicating that the car’s interior is visible to a member of the passing public, and that the vehicle is situated in a place where it *210 likely would be observed by such a person.”
More recently, in construing what constitutes a public place for purposes of determining the facial sufficiency of a charge of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), the Nassau County District Court opined that the interior of an auto that was stopped for a traffic infraction did not become “open to public view” during the course of the officer’s investigation. (People v Finch, 19 Misc 3d 840 [Nassau Dist Ct 2008, Kluewer, J.].)
Here, too, the knife only became visible after the officer was in a position to observe it in the course of the automobile stop. While it is possible that the knife could have been in open view in the automobile at some point before the stop, thus potentially making its possession “public” under a scenario countenanced by the McNamara court, given the allegations here, the court finds that the defendant did not possess the knife in a public place. (McNamara, supra; Finch, supra.)
Accordingly, the second (superceding) count alleging defendant’s possession of a knife in violation of Administrative Code § 10-133 (b) is dismissed for facial insufficiency.
The People have leave to formally supercede the accusatory instrument to cure these pleading defects and file a timely, facially sufficient information consistent with CPL 30.30 and 170.30. (People v Nuccio, 78 NY2d 102, 104-105 [1991].)

Sandoval/Ventimiglia

Issues arising under Sandoval and Ventimiglia are referred to the trial judge.

Brady

The People are reminded of their continuing duty to supply all Brady material.
Reservation of Rights
Defendant’s application for an extension of time to file additional motions is denied subject to rights under CPL 255.20 (3) to move for further leave upon good cause shown.