OPINION OF THE COURT
Robert H. Spergel, J.
The People’s motion pursuant to CPLR 2221 to reargue the court’s written order dated May 8, 2009 which granted defendant’s motion to dismiss is granted and upon reargument the court adheres to its original decision dismissing the charges.
In addressing the issues currently before the court, it is necessary to review this lengthy and well litigated case covering two dockets.
Docket Number 12198/2006
The defendant was originally charged under docket number 12198/2006 by way of a simplified traffic information with one count of violating Vehicle and Traffic Law § 1192 (2) (driving while intoxicated; per se) and one count of violating Vehicle and Traffic Law § 375 (2) (a) (no headlights) arising from an incident which allegedly occurred on May 17, 2006.
On July 18, 2008, the People filed a prosecutor’s information to supercede the original simplified traffic information. On July 21, 2008, at the People’s request, the defendant was arraigned on the prosecutor’s information charging him with violations of Vehicle and Traffic Law § 1192 (2), (3) and § 375 (2) (a). The People then moved, and the court granted, an application to dismiss the original simplified traffic information.
Subsequent to the People’s actions of July 21, 2008, defendant moved for an order, pursuant to CPL 170.30 (1) (f) and 100.50, dismissing the superceding prosecutor’s information on the ground that a simplified traffic information may not be superceded by a prosecutor’s information, thereby causing the prosecutor’s information to be a legal nullity. Alternatively, defendant sought dismissal of the pending prosecutor’s information upon the ground that the People exceeded their permissible statutory time pursuant to CPL 30.30.
*845 By decision dated November 12, 2008 this court held that the People could not supercede a simplified traffic information with a prosecutor’s information. (People v Finch, 19 Misc 3d 840 [Nassau Dist Ct 2008].) In this court’s reasoning it was held that prosecutions by simplified traffic information are governed by a different standard than those applicable to prosecutions by long form information, the most notable difference being that the pleading requirements are far less factually demanding (People v Baron, 107 Misc 2d 59 [App Term, 9th and 10th Jud Dists 1980]).
The court in Baron stated:
“CPL 100.50 states that a superseding information may only be substituted for an information, prosecutor’s information or misdemeanor complaint. A comparison of the sections setting forth the definition and requirement of a simplified traffic information (see CPL 1.20, subd 5, par [b]; 100.10, subd 2, par [a]; 100.25) with those of an information (CPL 1.20, subd 4; 100.10, subd 1; 100.15) reveal that the two accusatory instruments are separate and unrelated entities and that a simplified traffic information is not an information of a lower category.”
The People, in their opposition to dismissal relied upon CPL 100.50 (2). This court concluded then, and still does now, that the People’s reliance is misplaced. CPL 100.50 (2) focuses on a prosecutor’s information and limits the instances where the People may file a superseding document to those where the allegations of the factual part of the original instrument support every offense charged in the superseding document (see People v Green, 192 Misc 2d 296 [Nassau Dist Ct 2002]). What the People continue to fail to recognize is that a simplified traffic information is not an accusatory instrument that can be superceded; therefore, subdivision (2) is not applicable.
Since the Criminal Procedure Law does not provide for the filing of a prosecutor’s information to supercede a simplified traffic information, the prosecutor’s information that was before the court was a nullity and was properly dismissed by order of this court dated November 12, 2008. (Cf. People v Greco, 12 Mise 3d 83 [App Term, 9th and 10th Jud Dists 2006].)
Docket Number 31618/2008
On November 25, 2008, subsequent to the dismissal of the prosecutor’s information, the People filed a new simplified traffic information under the current docket number charging the *846 defendant with violations of Vehicle and Traffic Law § 1192 (2), (3) and § 375 (2) (a). Defendant was arraigned on the instant docket on December 5, 2008. The new simplified traffic information lists the date of offense as May 17, 2006, the same date as the 2006 docket.
Subsequent to the People’s November 25, 2008 filing, defendant moved to dismiss the current charges pursuant to CPL 170.30 (1) (d) and 30.10 (2) (d) or alternatively CPL 30.30. By order dated May 8, 2008 this court dismissed the simplified traffic information under the instant docket holding that the two-year statute of limitations had been surpassed. (CPL 30.10 [2] [c].)
In their motion to reargue, the People contend the court misapprehended the law as to whether or not the People have unfettered authority to file new charges against an accused. In support of their position, the People rely solely on People v Thomas (4 Misc 3d 57 [2d Dept 2004]). In their reliance on Thomas, the People argue,
“However, what the Court has apparently failed to recognize is the importance of the Second Department’s decision in People v Thomas, 4 Misc 3d 57 (2d Dept.2004). In Thomas the Court held that ‘in the absence of a statutory provision limiting the prosecutors authority to file more than one accusatory instrument in the course of a criminal action,’ the people have ‘virtually unfettered discretion in deciding whether, whom and how to prosecute.’ . . . In the instant case, there is no statutory provision specifically prohibiting the People from re-filing new accusatory instruments in such a circumstance.” (People’s motion to reargue If 9.)
Notwithstanding the People’s reliance on Thomas, they have provided the court with no authority or legal analysis for the proposition that Thomas supercedes the statutory time limits set forth in CPL 30.10 (2) (c). To the contrary, the People’s argument supports this court’s original decision to dismiss based upon the People’s filing of a new simplified traffic information approximately six months beyond the two-year statute of limitations set forth in CPL 30.10 (2) (c).
In a shifting of responsibility and accountability to the court, the People further argued that the filing of the new charges against defendant almost 2V2 years after the commencement of the original charges dated May 17, 2006 should be tolled. In
*847 their original opposition papers the People argued for a tolling of the statute of limitations stating:
“In further support of his argument that the People are time barred, counsel argues that because the People chose to dismiss the charges under docket 2006NA012198, the prosecution cannot then re-file new charges. However, according to the Court’s decision issued November 12, 2008, the Court is the one who dismissed the charges under docket 2006NA012198. Specifically, the Court ruled that, ‘the prosecutor’s information presently before the court is a nullity and is dismissed’ . . . Therefore, although the People made an application back on July 21, 2008 to dismiss the simplified traffic informations, it was the Court who granted the application, and it was the Court on November 12, 2008, who ruled that the people’s prosecutor’s information was a legal nullity and was therefor dismissed. Thus it was not the people, but the Court who is responsible for the dismissal of the charges under docket 2006NA012198.” (People’s aff in opposition dated Jan. 22, 2009, at 1f 10.)
The court remains astounded that the Assistant District Attorney would consider and put forth this ill-conceived argument.*
In their instant motion to reargue, the People now, for the first time, argue that the statute of limitations would be tolled pursuant to CPL 30.10 (2) (d) which states: “A prosecution for a petty offense must be commenced within one year after the commission thereof.”
A cursory review of CPL 30.10 would have disclosed that subdivision (2) (d) is not the tolling provision within CPL 30.10. Notwithstanding the proper subdivision for consideration of tolling under CPL 30.10 for the instant matter would have been (4) (b), as this argument was never made in their original papers it is now moot.
Since a motion to reargue “does not offer an unsuccessful party, as here, successive opportunities to present arguments not previously advanced” the People’s argument that the statute of limitations should be tolled pursuant to CPL 30.10, which *848 was not presented in their original motion before the court was not properly raised in the instant motion to reargue. (Giovanniello v Carolina Wholesale Off. Mach. Co., Inc., 29 AD3d 737, 738 [2d Dept 2006].)

 The People also once again argue that the statute of limitations would be tolled pursuant to the unfettered authority they believe is granted to them by Thomas. However, once again this argument lacks any legal reasoning and/or authority in support.