OPINION OF THE COURT
John W. Fried, J.
Can a person be convicted of criminal mischief for intentionally damaging his marital residence, the title to which he acquired before his marriage, and which title always has been in his name? That is the question raised by defendant’s motion to dismiss the information charging him with criminal mischief in the fourth degree, in violation of Penal Law § 145.00 (l).[1]
The motion, pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a), is premised on the grounds that the information, on its face, is legally insufficient, and thus jurisdictionally deficient, because the factual allegations therein and in the sworn supporting deposition of defendant’s wife, Denise Guilano, even if true, fail to establish every element of the crime charged and/or fail to provide reasonable cause to believe that he committed that crime. (See CPL 100.40 [1].)
Implicit in the motion, presumably made pursuant to CPL 170.30 (1) (g) and 170.40 (1), is defendant’s argument that, under the unique facts of this case, a compelling factor, consideration or circumstance exists which clearly demonstrates that his continued prosecution for or conviction of criminal mischief would constitute or result in an injustice.
Concerning the motion to dismiss due to the alleged legal insufficiency of the accusatory instrument, the court must confine its analysis to the allegations of the complaint and any supporting depositions, without regard to defendant’s affidavit in support of his motion to dismiss. (See e.g. People v Guzman, 6 Misc 3d 553, 555 [Crim Ct, NY County 2004].) Here, the allegations of the complaint and the supporting deposition of defendant’s *496 wife, Denise Guilano, are summarized in the following paragraph.
On August 17, 2013, at about 10 a.m., defendant and Ms. Guilano had a verbal quarrel inside of their home at 24 Belle Avenue, in the Village of Ossining, where both resided with their two children. When the quarrel ended, Ms. Guilano went upstairs to her room, from where she heard the front door to the home close. According to Ms. Guilano’s supporting deposition,
“[s]ince [defendant] never locks the front door, I went downstairs and locked it. I went back upstairs to my room after locking the front door. Moments later I heard two loud bangs downstairs. I then heard [defendant’s] diesel truck in front of the house along with his brother’s truck. When I went downstairs I noticed [defendant’s] truck pull away. I then went into the kitchen to pour myself a cup of coffee and noticed that the back kitchen door wasn’t completely shut. So I went to close it and noticed that the door’s frame was completely separated and broken. I noticed that the door no longer closed and was unable to be secured.”
Based on the facts recited in the information, including those of the supporting deposition, all of which are summarized above, the court finds that the accusatory instrument filed against defendant establishes, albeit circumstantially, every element of the crime of criminal mischief in the fourth degree, including that defendant damaged the “property of another person,” his wife, and reasonable cause to believe that defendant committed that crime. Accordingly, defendant’s motion to dismiss for facial legal insufficiency is denied.
To support his interests-of-justice dismissal motion, defendant, by affidavit, adds facts for the court to consider, which facts are not alleged in the information. Defendant avers, in substance, that he purchased the home in 2000, that he married Ms. Guilano in 2001, that title to the home always has been in his name, and that he has “paid all fees and assessments that have become due and owing as a result of my ownership of the [home], including, but not limited to, the mortgage, taxes, electric and water & sewer.”[2] From those facts, defendant argues *497 that because Ms. Guilano “has no interest of any kind in the [home], either actual or equitable,” the property damaged was not the “property of another person,” but instead was “solely and exclusively” defendant’s property. From that, defendant concludes that because the People will never be able to prove the “property of another person” element of the crime charged, defendant’s continued prosecution or possible conviction would constitute or result in an injustice, which now merits a dismissal. For the reasons explained hereafter, defendant’s interests-of-justice motion is denied.
When the Penal Law was enacted, the phrase “property of another” was not defined. That failure may have caused the Appellate Division to hold that a person with an equitable interest in tangible property, such as marital property, could not be convicted of criminal mischief because such property was not “property of another person.” (See People v Person, 239 AD2d 612, 613 [2d Dept 1997] [because defendant had an equitable interest in the tangible marital property he was accused of damaging, he could not be charged with criminal mischief with respect to that property].) Because that holding, “in the context of‘domestic violence,’. . . was unacceptable . . . the Legislature sought to change that result by defining the term, ‘property of another.’ ” (William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 145.00.) Based on that legislative change, effective in 2009, the definition of “property of another” includes “all property in which another person has an ownership interest, whether or not a person who damages such property, or any other person, may also have an interest in such property.” (Penal Law § 145.13.)[3] Here, the inquiry is whether Ms. Guilano, as a matter of law, has no “owner *498 ship interest” in the home or whether her “ownership interest” in the home is a question of fact, which the People, at trial, will have to prove beyond a reasonable doubt.
Because defendant and Ms. Guilano are married, that inquiry can be resolved by determining whether Ms. Guilano would have any “ownership interest” in the home if she were to sue for a divorce and then seek a valuation and equitable distribution of the home, pursuant to the Equitable Distribution Law. (See Domestic Relations Law § 236.) Because defendant acquired title to the home before his marriage to Ms. Guilano and because he has retained that title, the home would be considered “separate property.” (See Domestic Relations Law § 236 [B] [1] [d] [1]; Davidman v Davidman, 97 AD3d 627, 628 [2d Dept 2012] [the marital residence is “separate property” because defendant spouse acquired the residence before the marriage using proceeds from the settlement of a personal injury action and because the deed and mortgage are in that spouse’s name].) However, under the Equitable Distribution Law,
“an increase in the value of separate property of one spouse, occurring during the marriage and prior to the commencement of matrimonial proceedings, which is due in part to the indirect contributions or efforts of the other spouse as homemaker and parent, should be considered marital property (Domestic Relations Law § 236 [B] [1] [d] [3]).” (Price v Price, 69 NY2d 8, 11 [1986].)
Therefore, in this criminal case, Ms. Guilano may have an equitable “ownership interest” in the home if, during her marriage to defendant, the value of the home increased due in part to her “indirect contributions” or to her “efforts ... as homemaker and parent.” If, at trial, the People prove those facts beyond a reasonable double, then they will have proved that “property of another person,” i.e., Ms. Guilano, was damaged. If, however, at trial, the People fail to prove those facts beyond a reasonable double, then they will not have proved that “property of another person” was damaged.
Put simply, defendant’s motion to dismiss in the interests of justice does not establish, as a matter of law, that Ms. Guilano has no “ownership interest” in the home, and that defendant’s continued prosecution or conviction is and would be an injustice.
Therefore, the initial question posed above can be answered by saying that a person may be convicted of criminal mischief for intentionally damaging his marital residence, the title to *499 which he acquired before his marriage, and which title always has been in his name.
Accordingly, it is hereby ordered that defendant’s motion to dismiss the information is denied.

. “A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [intentionally damages property of another person.”

. The People oppose defendant’s affidavit with unsworn statement that defendant and Ms. Guilano “each contributed to the maintenance of the home in their own way. They raised their children in this home.”

. (See Governor’s Mem approving L 2008, ch 601 [Approval No. 40], 2008 McKinney’s Session Laws of NY at 1675 [“Especially in the context of domestic violence, it is quite common for an abuser to engage in violence against the victim’s property. A spousal relationship, or other basis of joint ownership, should not protect such malicious conduct from criminal sanction”].) It should be noted that a defendant who damages property of another in which the defendant also has an interest may still not be guilty of criminal mischief if he or she had any “reasonable ground” to believe that he or she had the right to do so. As the Governor stated in recommending the curative legislation, “a spouse or other co-owner may damage or discard jointly owned property for a host of innocent reasons. We should retain all the existing protection for a person who reasonably believes he or she has the right to damage property.” (Governor’s Mem approving L 2008, ch 601 [Approval No. 40], 2008 McKinney’s Session Laws of NY at 1675, cited in William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 145.00.)