OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). By omnibus and supplemental motion, he moves *245 this court for an order, inter alla, dismissing the charge of criminal possession of a weapon as facially insufficient.
An information is facially sufficient if it contains facts of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) Furthermore, the information must contain nonhearsay allegations which establish, if true, every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [b], [c].) An information which fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
The complaint alleges, in pertinent part, that the arresting officer recovered, from defendant’s pants pocket, a knife with a four-inch blade “concealed within a pen.”
A person is guilty of criminal possession of a weapon in the fourth degree when he possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use it unlawfully against another. (Penal Law § 265.01 [2].) Defendant contends that the complaint is facially insufficient because it contains no nonhearsay allegations of fact that he possessed the knife with the requisite intent.
Penal Law § 265.15 provides that the possession by any person of any dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another.
A knife without modifications or special characteristics is not a “dangerous knife” under the Penal Law. (Matter of Ricci S., 34 NY2d 775-776 [1974] [an unmodified hunting knife with a five- to six-inch blade is not a “dangerous knife”]; Matter of Edward K., 226 AD2d 1097 [4th Dept 1996] [straight blade knife is not a “dangerous knife”]; People v Sapp, NYLJ, July 24, 1998, at 23, col 6 [Crim Ct, Bronx County] [a folding knife with a less than four-inch blade is not a “dangerous knife”].)
Since the instant complaint makes no factual allegations about the subject knife other than the length of its blade, the court cannot find that the knife is a “dangerous knife” for purposes of application of the presumption of intent pursuant to Penal Law § 265.15 (4). Thus, the remaining question to be determined is whether a knife with a four-inch blade concealed within a pen is “designed, made or adapted for use primarily as a weapon” so as to permit application of the statutory presumption (Penal Law § 265.15 [4]).
*246 A “weapon” is an instrument of offensive or defensive combat. (Matter of Jamie D., 59 NY2d 589, 592 [1983].) Some knives, while usable for utilitarian purposes, are primarily intended for use as a weapon (e.g., a bayonet, a stiletto, or a dagger). (Supra, 59 NY2d, at 592-593.) However, a knife designed primarily for use as a utilitarian utensil is not deemed a weapon, absent physical modification.* Thus, the presumption of unlawful intent under Penal Law § 265.15 (4) has been held inapplicable to a razor (Matter of Francisco C., 238 AD2d 224, 226 [1st Dept 1997]), and to a straight blade knife with a handle (Matter of Edward K., 226 AD2d, supra, at 1098).
The complaint fails to allege any facts which would lead to the inference that the knife which is the subject of the weapon possession charge is intended for use primarily as a weapon. While it is without question that the pen which concealed the knife was converted from its original purpose as a writing instrument, the mere concealment of the knife within the pen, without more, will not permit the application of the statutory presumption of intent. Accordingly, the motion to dismiss count one of the complaint is granted, and the charge is dismissed.
Other Motions
Defendant’s motion to suppress physical evidence is granted to the extent that a Mapp/Dunaway hearing shall be held to determine whether such evidence is the tainted fruit of an illegal search or seizure of the defendant.
Defendant’s motion to preclude evidence of prior convictions or bad acts is reserved for determination by the trial court.

 Alternatively, a utilitarian utensil may be deemed a weapon where the circumstances of its possession permit such a finding. (Matter of Jamie D., 59 NY2d, supra, at 593.) No such circumstances are alleged here.