# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**925**

**KA 13-01483**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JESSIE MEDLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 11, 2013.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), and criminal possession of a weapon in the third degree (§ 265.02 [1]).  Viewing the evidence in the light most favorable to the People, as we must (*see People v Williams*, 84 NY2d 925, 926; *People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although there were some inconsistencies in the victim's testimony, she was steadfast in her account that defendant robbed her while he had a knife in his hand and threatened to stab her, and the jury was entitled to credit that testimony (*see People v Kelly*, 34 AD3d 1341, 1342, *lv denied* 8 NY3d 847).  In addition, a surveillance video admitted in evidence depicts the victim backing away from defendant's outstretched hand, and a witness who responded to the victim's plea for help testified that defendant had something in his hand and that the victim screamed that defendant had tried to stab her.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we likewise conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).  We note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942

[internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case.

Although County Court initially overruled defendant's objection to certain portions of the hearsay testimony from the driver of the bus from which defendant was apprehended, it thereafter gave the jury a prompt curative instruction to "disregard what somebody else told him[;] [t]hat's not evidence."  Defendant did not object to that instruction, nor did he object further or seek a mistrial, and he thus failed to preserve for our review his further contention that introduction of the testimony deprived him of his right to confront the bus driver or his right to a fair trial (*see People v Kello*, 96 NY2d 740, 744).  Under the circumstances, the court's "instruction[] must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *People v Lane*, 106 AD3d 1478, 1480-1481, *lv denied* 21 NY3d 1043).  Defendant also contends that the court erred in admitting alleged hearsay during the testimony of two police witnesses.  We reject that contention and conclude that, "[e]ven assuming that this testimony conveyed an implicit assertion by a nontestifying declarant, it was not received for its truth, but as background evidence to complete the narrative of events and explain why the officer[s] looked in the [back of the bus]" (*People v Newland*, 6 AD3d 330, 330, *lv denied* 3 NY3d 679, *reconsideration denied* 3 NY3d 759).  Defendant failed to preserve for our review his remaining contentions concerning his right of confrontation and his right to a fair trial (*see People v Irvin*, 111 AD3d 1294, 1295, *lv denied* 24 NY3d 1044).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's remaining contention that he was denied effective assistance of counsel owing to counsel's failure to raise certain arguments or make a certain motion inasmuch as such arguments and motion had little or no chance of success (*see People v Caban*, 5 NY3d 143, 152).  We conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court