■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAESHON JOHNSON, Appellant. [45 NYS3d 74]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered August 29, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in

the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's finding that the police had, at least, reasonable suspicion upon which to forcibly detain defendant. An identified citizen informant told a police officer that he had just seen a man standing by the turnstiles in a nearby subway station while holding a knife with an exposed blade, and that the informant had immediately "backed out" of the station and "ran up the stairs." Accompanied by the officer, the informant returned to the station and pointed out defendant, who was not then holding a knife, as the man he had described.

Based on these facts, the officer, at least, had reason to suspect that defendant possessed a knife with intent to use it unlawfully, in violation of Penal Law § 265.01 (2). The citizen informant's report and conduct suggested either that he had seen a "dangerous knife" (*id.*), for which unlawful intent is presumed (Penal Law § 265.15 [4]), or that defendant's conduct evinced unlawful intent given the absence of any lawful reason to display a knife in a subway station under the described circumstances. While defendant suggests innocuous reasons for this behavior, they are both farfetched and incompatible with the informant's statement and conduct. Reasonable suspicion did not require "absolute certainty" that defendant possessed the knife with unlawful intent, and "under the circumstances, the officer possessed specific and articulable facts" from which he could infer such intent (*People v Brannon*, 16 NY3d 596, 602 [2011]).

Accordingly, the officer lawfully seized defendant. When defendant confirmed that he had a knife on his person, the officer lawfully recovered it and discovered that it was an illegal gravity knife. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.