# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1252**
**KA 13-02164**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MATTHEW ROACH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MATTHEW ROACH, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), rendered September 20, 2013. The judgment
convicted defendant, upon a jury verdict, of criminal possession of a
weapon in the third degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of criminal possession of a weapon in the third
degree ([CPW] Penal Law § 265.02 [1]) and resisting arrest (§ 205.30).
Defendant is convicted of possessing a machete during a dispute with a
man in defendant's apartment. When the police arrived in response to
the man's 911 call, they met the man outside and proceeded to
defendant's apartment. Defendant refused to open the door in response
to their knock and announcement as police officers, and the police
entered the apartment after hearing a male voice making threats and a
female voice saying words to the effect of "stop it, put it down."
After defendant refused to comply with police directives to show his
hands, the police used force to effect his arrest.

We reject defendant's contention in his main and pro se
supplemental briefs that Supreme Court erred in denying that part of
his motion to dismiss the indictment with respect to the count
charging CPW on the ground that the grand jury proceedings were
defective because the prosecutor failed to instruct the grand jury on
the defense of justification (see Penal Law § 35.15). Although
defendant testified before the grand jury that he possessed the
machete to protect himself and his girlfriend from the man at
defendant's apartment, who had a board with nails in it, it is well

established that, "[b]ecause the possession of a weapon is distinct from the use of such weapon, 'there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon' " (*People v Cohens*, 81 AD3d 1442, 1444, *lv denied* 16 NY3d 894, quoting *People v Pons*, 68 NY2d 264, 267; *see People v Taylor*, 140 AD3d 1738, 1740). Defendant failed to make a pretrial motion to dismiss the count of the indictment charging him with resisting arrest on the ground that the prosecutor failed to instruct the grand jury on the defense of justification, and thus his challenge to that count of the indictment is not preserved for our review (*see People v Fisher*, 101 AD3d 1786, 1786, *lv denied* 20 NY3d 1098). In any event, that contention is without merit (*see generally* § 35.27).

We reject defendant's contention in his main brief that the verdict is against the weight of the evidence based upon the lack of credibility of the victim with respect to the conviction of CPW and the lack of credibility of the police witnesses with respect to the conviction of resisting arrest. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a verdict of not guilty of CPW would not have been unreasonable (*see generally id.*), we nevertheless decline to disturb the credibility determinations of the jury (*see People v Medley*, 132 AD3d 1255, 1255, *lv denied* 26 NY3d 1110, *reconsideration denied* 27 NY3d 967; *see generally Bleakley*, 69 NY2d at 495). We likewise decline to disturb the jury's credibility determination regarding the police witnesses (*see Medley*, 132 AD3d at 1255).

We reject defendant's further contention in his main brief that he was denied a fair trial and the right to confront witnesses by the court's determination that an adjudication of the Citizens Review Board (CRB) with respect to the police action in effecting defendant's arrest was not admissible. It is well settled that "[o]ut-of-court statements offered for the truth of the matters they assert are hearsay and may be received in evidence only if they fall within one of the recognized exceptions to the hearsay rule, and then only if the proponent demonstrates that the evidence is reliable" (*People v Meadow*, 140 AD3d 1596, 1598, *lv denied* 28 NY3d 933, *reconsideration denied* 28 NY3d 972 [internal quotation marks omitted]). Here, the determination of the CRB did not fall within any of the recognized exceptions to the hearsay rule. Although defendant asserted that he wanted to use the determination to establish that the police witnesses had a reason to fabricate their trial testimony, "[t]he right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence . . . The courts therefore have the discretion to exclude evidence sought to be introduced by a defendant where such evidence is irrelevant or constitutes hearsay, and its probative value is outweighed by the dangers of speculation, confusion, and prejudice" (*People v Williams*, 94 AD3d 1555, 1556 [internal quotation marks omitted]). We note that defendant cross-examined the officers with respect to their knowledge that a complaint with the CRB had been lodged against them.

Defendant failed to preserve for our review his contention in his main brief that the court erred in its charge to the jury on resisting arrest because the court should not have instructed the jury regarding Penal Law § 35.27 (*see People v Spillman*, 57 AD3d 580, 581, *lv denied* 12 NY3d 788, *cert denied* 558 US 1013).  In any event, that contention is without merit.  Upon our review of the charge as a whole against the background of the evidence at trial, we conclude that the charge properly conveyed the People's burden of proof with respect to the count of resisting arrest and was not likely to confuse the jury on the issue whether defendant could be convicted of resisting arrest if the arrest was unauthorized (*see id.; see generally People v Walker*, 26 NY3d 170, 174-175).  Defendant also failed to preserve for our review his contention in his main brief that the court erred in failing to instruct the jury that it must determine whether the machete was a dangerous knife before it applied the statutory presumption that "possession by any person of any . . . dangerous knife . . . is presumptive evidence of intent to use the same unlawfully against another" (§ 265.15 [4]).  Nevertheless, that contention also is without merit inasmuch as there is ample evidence that defendant possessed the machete as a weapon (*see generally Matter of Antwaine T.*, 23 NY3d 512, 516-517), which provided support for the court's instruction that the machete was a "dangerous instrument" (*see generally People v Campos*, 93 AD3d 581, 582, *lv denied* 19 NY3d 971).

We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that none requires reversal or modification of the judgment.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court