People v Rodgers (2019 NY Slip Op 06002)





People v Rodgers


2019 NY Slip Op 06002


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-00030
 (Ind. No. 15-01155)

[*1]The People of the State of New York, respondent,
v
Prince Rodgers, appellant.


Judith E. Permutt, Mount Vernon, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered November 23, 2016, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent with CPL 160.50.
On September 14, 2015, at approximately 11:15 p.m., the defendant was arrested pursuant to a warrant issued in connection with an incident that occurred on August 30, 2015. According to the trial testimony of two detectives, at the time of the arrest, the defendant was standing in front of a building while drinking beer with two other men. The detectives approached the defendant and instructed him to put his hands on the hood of a parked car. The defendant cooperated and made no attempt to flee the scene. Before conducting a pat-down search of the defendant, one of the detectives asked the defendant whether he had anything on his person that could "hurt anybody," and the defendant answered, "no." During the pat-down search, a razor blade "wrapped in black tape," with a "corner piece" exposed, was recovered from the defendant's left pants pocket. During his trial testimony, one of the detectives described the blade as "something that you would put in a utility knife." The defendant was charged in a single indictment with multiple offenses arising from the incident that occurred on August 30, 2015, and with criminal possession of a weapon in the third degree stemming from his possession of the razor blade on September 14, 2015, at the time of his arrest.
After the close of the evidence at trial, the County Court instructed the jury on the statutory presumption embodied in Penal Law § 265.15(4), upon which the People relied to establish that the defendant's possession of the subject instrument was "presumptive evidence of intent to use the same unlawfully against another." The defendant was subsequently acquitted of all charges related to the August 30, 2015, incident, but convicted of criminal possession of a weapon in the third degree based on his possession of the razor blade at the time of his arrest. The defendant appeals. We reverse the judgment of conviction on the ground that the jury's verdict was against the weight of the evidence.
"[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348; see People v Bleakley 69 NY2d 490). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (People v Danielson, 9 NY3d at 348).
"A person is guilty of criminal possession of a weapon in the third degree when . . . [s]uch person [possesses any dagger, dangerous knife, dirk, razor, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another] and has been previously convicted of any crime" (Penal Law § 265.02[1]; see Penal Law § 265.01[2]). Penal Law § 265.15(4) provides, in relevant part, that "[t]he possession by any person of any . . . weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another."
"The presumption of unlawful intent under Penal Law § 265.15(4), like all statutory presumptions in New York, is a permissive presumption, meaning that [it] allows, but does not require, the trier of fact to accept the presumed fact, and does not shift to the defendant the burden of proof'" (People v Galindo, 23 NY3d 719, 723 [citation omitted], quoting Matter of Raquel M., 99 NY2d 92, 95). "Before the presumption may apply, the People must establish beyond a reasonable doubt the predicate fact or facts the statute requires be proved'" (People v Galindo, 23 NY3d at 723, quoting People v Leyva, 38 NY2d 160, 169). "If the People succeed in this endeavor, they are entitled to rely on the presumption, which form[s] part of the support for [their] prima facie case' against the defendant" (People v Galindo, 23 NY3d at 723, quoting People v Leyva, 38 NY2d at 169). "The presumption may be rebutted by any evidence in the case; that is, evidence presented by the defendant or the People" (People v Galindo, 23 NY3d at 723). "Evidence rebutting the presumption will not negate the existence of a prima facie case; rather it presents an alternate set of facts, or inferences from facts, to the jury. The jury then has the right to choose between the two versions'" (id. at 723, quoting People v Leyva, 38 NY2d at 169).
Here, the People failed to establish beyond a reasonable doubt that the razor blade recovered from the defendant was "designed, made or adapted for use primarily as a weapon" (Penal Law § 265.15[4]; see People v David, 223 AD2d 551, 553; People v Kitchens, 62 Misc 3d 1201[A], 2018 NY Slip Op 51835[U], *2 [Crim Ct, New York County]; People v Rivera, 182 Misc 2d 244, 245 [Crim Ct, New York County]). There was no testimony by the detectives indicating that they knew based on their experience that the primary use of this type of instrument, by virtue of being wrapped in black tape, was as a weapon, or that they attempted to ascertain from the defendant the manner in which he utilized the blade (see People v David, 223 AD2d at 553). Furthermore, there was no evidence from which it could be inferred that the defendant considered the instrument to be a weapon (cf. Matter of Jamie D., 59 NY2d 589, 591; People v Roach, 147 AD3d 1423, 1425; People v Johnson, 146 AD3d 560, 561; People v Heron, 130 AD3d 754, 755; People v Taylor, 118 AD3d 1044, 1047; People v Brown, 100 AD3d 1035, 1037; People v Campos, 93 AD3d 581, 582; Matter of Sean R., 33 AD3d 925, 926; People v Lucas, 186 AD2d 589, 589). The defendant, who was socializing in front of a building with two men, was not brandishing the instrument in a threatening manner, and made no attempt to flee the scene or discard the blade when approached by the detectives. The defendant did not tell the detectives that he possessed the blade for protection, and he made no statement and exhibited no behavior from which it could be inferred that he possessed the instrument with the intent to use it unlawfully against another.
Upon the exercise of our factual review power (see CPL 470.15[5]), we determine that an acquittal of criminal possession of a weapon in the third degree would not have been unreasonable. Giving the evidence the weight it should be accorded, we find that the People failed to establish beyond a reasonable doubt that the defendant possessed a razor, or any other dangerous or deadly instrument or weapon, with the intent to use it unlawfully against another and has been previously convicted of a crime (see Penal Law §§ 265.02[1]; see also Penal Law § 265.01[2]). Accordingly, we reverse the judgment and dismiss the indictment.
In light of our determination, we need not address the defendant's remaining contentions, including those raised in his pro se supplemental brief.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court